DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
HONG-AN N. TRAN (Bar No. 267685)
an.tran@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA  94065-1134
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100

DAVID J. LENDER (*pro hac vice*)
david.lender@weil.com
ALLISON H. SEMAYA (*pro hac vice*)
allison.semaya@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH SCIACCA, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>APPLE, INC.,<br><br>                              Defendant. | Case No. 5:18-cv-3312-LHK<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     January 31, 2019<br>Time:    1:30 p.m.<br>Dept.:    Courtroom 8 – 4th Floor<br>Judge:   Honorable Lucy H. Koh |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on January 31, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Lucy H. Koh in Courtroom 8, located at the Robert F. Peckman Federal Building, 280 South First Street, Fifth Floor, San Jose, California, Defendant Apple Inc. ("Apple") will and hereby does move to dismiss Plaintiff Kenneth Sciacca's ("Plaintiff") complaint filed in this action (the "Complaint"), and specifically Plaintiff's claims for Unlawful Business Acts and Practices in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq. (Count I), Violations of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA") (Count II), Breach of Express Warranty (Count III), Breach of Implied Warranty (Count IV), Breach of Written Warranty under the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.*) (Count V), and Unjust Enrichment (Count VI) pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all other pleadings and papers on file herewith, and such other argument and evidence as may be presented to the Court.

Dated: August 10, 2018

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: */s/ David R. Singh*
　　　David R. Singh

Attorneys for Defendant
APPLE INC.

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   FACTUAL BACKGROUND .............................................................................2

III.  LEGAL STANDARD..........................................................................................4

      A.    MOTION TO DISMISS UNDER RULE 12(B)(6) ....................................4

      B.    MOTION TO DISMISS UNDER RULE 12(B)(1) ....................................5

      C.    GOVERNING LAW....................................................................................5

IV.   ARGUMENT .......................................................................................................6

      A.    PLAINTIFF'S UCL (COUNT I) AND CLRA (COUNT II) CLAIMS SHOULD BE DISMISSED BECAUSE HE HAS FAILED TO SATISFY RULE 9(B)'S HEIGHTENED PLEADING REQUIREMENTS ....................................................6

            1.    Plaintiff Has Failed To Allege An Actionable Misrepresentation...............7

            2.    Plaintiff Has Failed To Allege An Actionable Omission ...........................8

      B.    PLAINTIFF'S UCL CLAIM OTHERWISE FAILS AS A MATTER OF LAW (COUNT I)...........................................................................................9

            1.    Plaintiff Has Failed To Allege Any "Unfair" Acts Under The UCL...........9

            2.    Plaintiff Does Not Allege Any  "Unlawful" Act by Apple .......................11

      C.    PLAINTIFF HAS FAILED TO OTHERWISE STATE A CLAIM UNDER CLRA (COUNT II)........................................................................................12

      D.    PLAINTIFF HAS NOT STATED A VIABLE CLAIM FOR BREACH OF EXPRESS WARRANTY (COUNT III).................................................13

            1.    Plaintiff Has Failed to State a Claim for Breach of Express Warranty Because the Limited Warranty On Which He Relies Had Expired...........14

            2.    Apple's "Materials and Workmanship" Warranty Does Not Warrant Against the Purported Defect...............................................................15

      E.    PLAINTIFF HAS NOT STATED A VIABLE CLAIM FOR BREACH OF IMPLIED WARRANTY (COUNT IV)..................................................16

            1.    Apple Disclaimed All Implied Warranties and Limited the Duration of Any Implied Warranties Not Disclaimed to One Year..............................16

            2.    Plaintiff Has Not Alleged Sufficient Facts to Establish His Claim that Apple Breached the Implied Warranty of Merchantability ......................18

F.   PLAINTIFF'S MAGNUSON-MOSS WARRANTY ACT CLAIM (COUNT V) FAILS WITH HIS STATE LAW WARRANTY CLAIMS ................................... 19

G.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS UNDER BOTH CALIFORNIA AND COLORADO LAW ........................................... 19

    1.   There is No Independent Cause of Action for Unjust Enrichment in California ................................................. 19

    2.   Equitable Relief is Not Available Under Colorado Law When There Is Adequate Legal Remedy ......................................... 20

H.   PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF ............... 21

# TABLE OF AUTHORITIES

**CASES**

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004) ...................................................................................4

*Arena Rest. & Lounge LLC v. S. Glazer's Wine & Spirits, LLC*,
   Case No. 17-CV-03805-LHK, 2018 WL 1805516 (N.D. Cal. Apr. 16, 2018) ...........9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................................4

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) ....................................................................................20

*Baba v. Hewlett-Packard Co.*,
   No. C 09-05946 RS, 2011 WL 317650 (N.D. Cal. Jan. 28, 2011) ..........................13

*Backhaut v. Apple, Inc.*,
   74 F. Supp. 3d 1033 (N.D. Cal. 2014) .....................................................................11

*Bates v. United Parcel Serv., Inc.*,
   511 F.3d 974 (9th Cir. 2007) ....................................................................................21

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................4

*Berenblat v. Apple, Inc.*,
   Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) .....13

*Brothers v. Hewlett-Packard Co.*,
   No. C-06-02254 RMW, 2007 WL 485979 (N.D. Cal. Feb. 12, 2007) .....................16

*Bush v. Am. Motors Sales Corp.*,
   575 F. Supp. 1581 (D. Colo. 1984) ..........................................................................17

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ...........................................................................................9, 11

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
   598 F.3d 1115 (9th Cir. 2010) ....................................................................................5

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011) ....................................................................................22

*Cipollone v. Liggett Grp., Inc.*,
   505 U.S. 504 (1992) ..................................................................................................13

*City of Los Angeles v. Lyons*,
   416 U.S. 95 (1983) ....................................................................................................22

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013) ..................................................................................................22

*Clark v. LG Elecs. U.S.A., Inc.*,
   No. 13-CV-485 JM (JMA), 2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) .............16

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) .............................................................................14, 19

*Davidson v. Apple, Inc.*,
No. 16-CV-04942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) .......................... passim

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018)........................................................................22

*Donohue v. Apple, Inc.*,
871 F. Supp. 2d 913 (N.D. Cal. 2012) ................................................................8

*Drum v. San Fernando Valley Bar Ass'n*,
182 Cal. App. 4th 247 (2010) .......................................................................10

*Ebeid ex rel. U.S. v. Lungwitz*,
616 F.3d 993 (9th Cir. 2010).........................................................................5

*Elias v. Hewlett-Packard Co.*,
950 F. Supp. 2d 1123 (N.D. Cal. 2013) ..............................................................9

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011).......................................................................4

*General Motors Corp. v. Brewer*,
966 S.W.2d 56 (Tex. 1998)..........................................................................18

*Graham Hydraulic Power, Inc. v. Stewart & Stevenson Power, Inc.*,
797 P.2d 835 (Colo. App. 1990) ..................................................................15, 17

*Great N. Ins. Co. v. Toto U.S.A., Inc.*,
No. 15-CV-01120-RBJ, 2016 WL 4091177 (D. Colo. July 13, 2016) ....................................18

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) ..............................................................10

*Haffner v. Stryker Corp.*,
No. 14-CV-00186-RBJ, 2014 WL 4821107 (D. Colo. Sept. 29, 2014)...................................18

*Herskowitz v. Apple Inc.*,
940 F. Supp. 2d 1131 (N.D. Cal. 2013) ..............................................................10

*Hodgers–Durgin v. de la Vina*,
199 F.3d 1037 (9th Cir. 1999).......................................................................22

*Hodges v. Apple Inc.*,
No. 13-CV-01128-WHO, 2013 WL 6698762 (N.D. Cal. Dec. 19, 2013) ...........................8, 12

*Hoffman v. Colorado State Board of Assessment Appeals*,
683 P.2d 783 (Colo. 1984)..........................................................................20

*In re Actimmune Mktg. Litig.*,
No. C 08-02376 MHP, 2010 WL 3463491 (N.D. Cal. Sept. 1, 2010)....................................11

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
758 F. Supp. 2d 1077 (S.D. Cal. 2010) ..............................................................17

*In re Sony PS3 Other OS Litig.*,
551 F. App'x 916 (9th Cir. 2014) ................................................................13, 14

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*,
754 F. Supp. 2d 1208 (C.D. Cal. 2010) ..............................................................15

*Interbank Investments, LLC v. Eagle River Water and Sanitation Dist.*,
   77 P. 3d at 819 ................................................................................................21

*Janke v. Brooks*,
   No. 11-CV-00837-REB-BNB, 2012 WL 1229891 (D. Colo. Apr. 11, 2012) .........................19

*Jogani v. Superior Court*,
   165 Cal. App. 4th 901 (2008) .......................................................................19

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)...............................................................4, 5, 7

*Kent v. Hewlett–Packard Co.*,
   No. 09–5341 JF (PVT), 2010 WL 2681767 (N.D. Cal. July 6, 2010)..................12

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310 (2011) .......................................................................7

*Marchante v. Sony Corp. of Am., Inc.*,
   801 F. Supp. 2d 1013 (S.D. Cal. 2011) ...............................................14

*Marcus v. Apple Inc.*,
   No. C 14-03824 WHA, 2015 WL 151489 (N.D. Cal. Jan. 8, 2015).......................18

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012).......................................................................6

*McKell v. Wash. Mut., Inc.*,
   142 Cal. App. 4th 1457 (2006) .......................................................11

*Melchior v. New Line Productions, Inc.*,
   106 Cal. App. 4th 779 (2003) .......................................................20

*Meyer v. Spring Spectrum L.P.*,
   45 Cal. 4th 634 (2009) .......................................................................7, 20

*Minkler v. Apple, Inc.*,
   65 F. Supp. 3d 810 (N.D. Cal. 2014) ...............................................16, 17

*Mocek v. Alfa Leisure, Inc.*,
   114 Cal. App. 4th 402 (2003) .......................................................18

*Moore v. Apple, Inc.*,
   73 F. Supp. 3d 1191 (N.D. Cal. 2014) ...............................................4, 5, 9, 11

*Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc.*,
   821 P.2d 788 (Colo. 1991).......................................................................20

*O'Neil v. Int'l Harvester Co.*,
   40 Colo. App. 369 (Colo. App. 1978).......................................................17

*Palmer v. Apple Inc.*,
   Case No. 5:15-cv-05808-RMW, 2016 WL 1535087 (N.D. Cal. Apr. 15, 2016)............8, 11, 12

*Phillips v. Apple Inc.*,
   No. 15-CV-04879-LHK, 2016 WL 5846992 (N.D. Cal. Oct. 6, 2016) ..................21

*Regents of Univ. of Colo. ex rel. Univ. of Colo. at Boulder v. Harbert Constr. Co.*
   51 P.3d 1037 (Colo. App. 2001) .......................................................14

*Rudd v. Borders, Inc.*,
   No. 09CV832 BTM (NLS), 2009 WL 4282013 (S.D. Cal. Nov. 25, 2009) ............................12

*Shroyer v. New Cingular Wireless Servs., Inc.*,
   622 F.3d 1035 (9th Cir. 2010) ...........................................................................................12

*Smith v. Ford Motor Co.*,
   749 F. Supp. 2d 980 (N.D. Cal. 2010) ................................................................................9

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ........................................................................................5, 7

*Swift v. Zynga Game Network, Inc.*,
   No. C 09-05443 SBA, 2010 WL 4569889 (N.D. Cal. Nov. 3, 2010) ..................................20

*Szaloczi v. John R. Behrmann Revocable Tr.*,
   90 P.3d 835 (Colo. 2004) ...............................................................................................20

*Taylor Morrison of Colo. v. Bemas Constr.*,
   Case No. 10-CV-2032, Colo. Dist. LEXIS 1920 (D. Colo. May 31, 2012) ........................14

*Tomek v. Apple Inc.*,
   636 F. App'x 712 (9th Cir. 2016) ......................................................................................6

*Troup v. Toyota Motor Corp.*,
   545 F. App'x 668 (9th Cir. 2013) ....................................................................................15

*W. Ridge Grp., LLC v. First Tr. Co. of Onaga*,
   414 F. App'x 112 (10th Cir. 2011) .............................................................................20, 21

*Wang & Wang LLP v. Banco do Brasil, S.A.*,
   No. Civ. S–06–00761 DFL KJM, 2007 WL 915232 (E.D. Cal. Mar. 26, 2007) ....................12

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ..........................................................................................5

*Wilson v. Hewlett–Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ...............................................................................8, 12, 13

*Yastrab v. Apple Inc.*,
   173 F. Supp. 3d 972 (N.D. Cal. 2016) .........................................................................11, 18

*Zepeda v. PayPal, Inc.*,
   777 F. Supp. 2d 1215 (N.D. Cal. 2011) ......................................................................20, 21

**STATUTES**

18 U.S.C. § 2301(d)(1) ...........................................................................................................19

Cal. Bus. & Prof. Code § 17200 ...............................................................................................9

Cal. Civ. Code § 1770(a) .........................................................................................................12

Cal. Civ. Code § 1791.1(c) ......................................................................................................17

Cal. Com. Code § 2316(2) .......................................................................................................16

Fed. R. Civ. P. 9(b) ..............................................................................................................5, 12

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Kenneth Sciacca alleges that he purchased a "Series 2" Apple Watch on December 1, 2016 (the "Watch") and used it for over fifteen months without issue.  But that, on March 9, 2018—three months after the expiration of the relevant express one-year limited warranty (the "Limited Warranty")—the screen of the Watch detached due to an unspecified defect (the "Defect").  Plaintiff alleges that he took the Watch into an Apple Store where it was determined that the Watch did not suffer from any warrantable damage, and thus, was not eligible for service under the warranty.  Based on his alleged experience, as well as online commentary from other customers, he theorizes that the Defect exists in all models and sizes of watches made by Apple (the "Apple Watches") and asserts a litany of claims on behalf of a purported nationwide class of current and former consumer owners of Apple Watches.  As set forth below, Plaintiff's claims are all precluded by the plain language of the Limited Warranty, fail as a matter of law, and/or are unsupported by well-pleaded factual allegations.

First, Plaintiff has failed to state claims under California's Unfair Competition ("UCL") (Count I) and California Legal Remedies Act ("CLRA") (Count II).  Although his claims are grounded in allegations of fraud, Plaintiff has not alleged any actionable misrepresentation or omission sufficient to satisfy the general pleading standard of Federal Rules of Civil Procedure Rule 8(a)(2) ("Rule 8(a)(2)"), much less the heightened pleading requirements of Federal Rules of Civil Procedure Rule 9(b) ("Rule 9(b)").  Indeed, Plaintiff has not identified any statement by Apple, let alone a false one, upon which he read and relied in purchasing the Watch.  Nor has he alleged facts sufficient to establish that Apple owed a duty to disclose because he does not allege that the alleged Defect related to a safety issue.

Aside from failing to allege fraudulent conduct, Plaintiff's UCL and CLRA claims are additionally deficient for independent reasons.  The UCL claim is deficient because Plaintiff fails to allege any unlawful act by Apple—all of his claims are deficient—or any conduct that could be deemed an "unfair" act or practice within the meaning of the UCL.  Further, the CLRA claim is separately deficient because the Complaint fails to allege sufficient facts to infer that Apple knew of the alleged Defect at the time Plaintiff purchased his Apple Watch in December 2016.

Second, Plaintiff fails to plead a cause of action for any of his breach of warranty claims.  His breach of express warranty claim (Count III) should fail because he did not assert the claim before expiration of the Limited Warranty and because the Limited Warranty does not cover design choices such as that alleged in the Complaint.  Plaintiff's implied warranty claim (Count IV) should fail because Apple clearly disclaimed any implied warranties as is permitted under both California and Colorado law.[1]  Even if Apple did not disclaim any implied warranty, which it did, Plaintiff has failed to adequately allege that Apple breached the implied warranty of merchantability.   Consequently, Plaintiff's Magnuson-Moss Warranty Act claim (Count V) should be dismissed as it is derivative of his state law breach of warranty claims and falls with those deficient claims.

Third, Plaintiff's unjust enrichment claim should also be dismissed whether evaluated under California or Colorado law.  Under both California and Colorado law, an unjust enrichment claim is not available where, as here, the subject is covered by an express contract; *i.e.*, the Limited Warranty. Separately, under California law, unjust enrichment is not an independent cause of action, and under Colorado law, an unjust enrichment claim is not actionable where, as here, the law affords an adequate remedy.

Finally, Plaintiff's request for injunctive relief should be dismissed because Plaintiff lacks standing to seek injunctive relief.  He has not alleged plausible facts establishing that he could be misled in the future or that he desires or intends to buy an Apple Watch again.

For these reasons, and as further discussed below, Plaintiff's Complaint, should be dismissed in its entirety pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) ("Rule 12(b)(1)") and Rule 12(b)(6) ("Rule 12(b)(6)").

## II.    FACTUAL BACKGROUND

Plaintiff Kenneth Sciacca filed this action on June 4, 2018.  In his Complaint, he alleges that he purchased a Series 2 Stainless Steel 38mm Apple Watch in Colorado on or about December 1, 2016. Compl. ¶ 45.  Plaintiff further alleges that, on or around March 9, 2018, over a year after he purchased and used his Series 2 Apple Watch, the screen of his watch "unexpectedly detached from the Watch's

---

[1] Plaintiff is a citizen of Colorado (Compl. ¶ 16) and, as the Court is well aware, Apple is a California corporation.

body shortly after he removed the watch from its charger [.]" *Id*. "In the following weeks," Plaintiff alleges he contacted a certified Apple Store about his watch. *Id*. According to Plaintiff, employees at the Apple Store determined that the screen of his Apple Watch had detached because of "non-warrantable damage"—and not because of a "swollen battery."[2] *Id*. As such, Apple determined that Plaintiff's Apple Watch was not "covered under Apple's Limited Warranty" and "quoted him $249 to repair his Watch." Compl. ¶ 45. Importantly, Plaintiff does not allege that there had been any other issues with his watch during the prior fifteen months of using it. Compl. ¶¶ 45-46. Plaintiff also does not allege that he intends to purchase another Apple Watch anytime in the future.

The Complaint acknowledges that "Apple provides a Limited Warranty for all purchasers of an Apple Watch, which covers the 'product against manufacturing defects beginning on the original purchase date,'" and "are the same for all Apple Watch models."[3] Compl. ¶¶ 34-35. The Complaint cites the relevant language of the Limited Warranty, which states:

> Apple warrants the Apple-branded hardware product and Apple-branded accessories contained in the original packaging ("Apple Product") against defects in materials and workmanship when used normally in accordance with Apple's published guidelines ***for a period of ONE (1) YEAR from the date of original retail purchase by the end-user purchaser*** ("Warranty Period")."

Compl. ¶ 35 (emphasis added) (citing Apple's hardware warranty, available at https://www.apple.com/legal/warranty/products/warranty-us.html).

The Limited Warranty also contains specific restrictions and disclaimers, stating, "Apple is not responsible for damage arising from failure to follow instructions relating to the Apple Product's use." *Id*. Similarly, the Limited Warranty also expressly excludes "damage caused by accident, abuse, misuse,

---

[2] Plaintiff makes reference to a purported acknowledgment by Apple of a "swelling battery defect in certain Series 2 Watches" and that "Apple extended its Limited Warranty from one year to three years for all 42mm-sized Series 2 Models with swollen batteries." *See* Compl. ¶¶ 7, 42, 50. But, he concedes that the purported damage to his Apple Watch was not caused by or in any way related to the swollen battery issue. *See* Compl. ¶ 45 ("Store employees examined Sciacca's Watch and verified the issue, but determined that the Watch's screen detached because of 'non-warrantable damage,' rather than a swollen battery."), ¶ 50 ("Although Apple has acknowledged a swollen battery issue in certain Series 0 and Series 2 Watches, it has flatly refused to acknowledge the existence of the Defect….").

[3] Plaintiff alleges that the "Limited Warranty is one year for most models but is two years for the Hermes and Edition models." Compl. ¶ 34. Plaintiff does not allege that his Apple Watch is either of those models.

3

fire, earthquake or other external cause." *Id.*   It also states the following in a section entitled "WARRANTY LIMITATIONS SUBJECT TO CONSUMER LAW":

> TO THE EXTENT PERMITTED BY LAW, THIS WARRANTY AND THE REMEDIES SET FORTH ARE EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, REMEDIES AND CONDITIONS, WHETHER ORAL, WRITTEN, STATUTORY, EXPRESS OR IMPLIED. ***APPLE DISCLAIMS ALL STATUTORY AND IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE*** AND WARRANTIES AGAINST HIDDEN OR LATENT DEFECTS, TO THE EXTENT PERMITTED BY LAW. IN SO FAR AS SUCH WARRANTIES CANNOT BE DISCLAIMED, APPLE LIMITS THE DURATION AND REMEDIES OF SUCH WARRANTIES TO THE DURATION OF THIS EXPRESS WARRANTY AND, AT APPLE'S OPTION, THE REPAIR OR REPLACEMENT SERVICES DESCRIBED BELOW.

*Id*. (emphasis added).

## III.   LEGAL STANDARD

### A.   Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff either fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory.  *See id* at 562-63.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  The complaint must allege facts, which, if taken as true, raise more than a speculative right to relief.  *See Bell Atl. Corp*., 550 U.S. at 555.  The Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Moreover, where a plaintiff alleges "a unified course of fraudulent conduct" and "rel[ies] entirely on that course of conduct as the basis of that claim," the claim is grounded in fraud regardless of the label of the claim, and Rule 9(b) applies.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *see also Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1198 (N.D. Cal. 2014) (Koh, J.).  Rule 9(b)

1    requires that a claim grounded in fraud "state with particularity the circumstances constituting fraud."

2    Fed. R. Civ. P. 9(b).  To satisfy this heightened standard, "claims sounding in fraud must allege 'an

3    account of the time, place, and specific content of the false representations as well as the identities of the

4    parties to the misrepresentations.'"  *Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2017 WL 976048,

5    at *4 (N.D. Cal. Mar. 14, 2017*) (Koh, J.) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.

6    2007) (per curiam)).  When asserting a fraud-based claim, the plaintiff must also set forth "what is false

7    or misleading about a statement, and why it is false."  *Id.* (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616

8    F.3d 993, 998 (9th Cir. 2010)); *see also Kearns*, 567 F.3d at 1124 ("A party alleging fraud must set forth

9    *more* than the neutral facts necessary to identify the transaction.") (internal quotation marks omitted)

10   (emphasis in original).

### B.      Motion to Dismiss Under Rule 12(b)(1)

12   The "case or controversy" requirement of Article III of the U.S. Constitution limits federal courts'

13   subject matter jurisdiction by requiring, inter alia, that every plaintiff have standing and that claims be

14   "ripe" for adjudication.  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir.

15   2010).  A challenge to a plaintiff's Article III standing is properly raised under Federal Rule of Civil

16   Procedure 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Once a party has moved to

17   dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden

18   of establishing the court's jurisdiction.  *See Chandler*, 598 F.3d at 1115.  A motion to dismiss for lack

19   of subject matter jurisdiction should be granted if the complaint on its face fails to allege facts sufficient

20   to establish subject matter jurisdiction.  See *Moore v. Apple, Inc*., 73 F. Supp. 3d at 1197.

### C.      Governing Law

22   Three of the claims in the Complaint allege violations of state and federal statutes (Counts I, II,

23   and V); therefore, Apple evaluates those claims under the asserted statutes and associated case law.  The

24   common law breach of express warranty, breach of implied warranty, and unjust enrichment claims,

25   however, pose a choice of law issue.[4]  Plaintiff, a citizen of Colorado, asserts his unjust enrichment claim

---

[4] The Limited Warranty states that it is "governed by and construed under the laws of the country in which the Apple Product purchase took place" but does not specify the applicable state law.  *See* Compl. ¶ 35, n.7

5

on behalf of a purported Colorado subclass, and asserts his breach of express and implied warranty claims on behalf of a purported nationwide class.  In a putative class action involving non-California residents, such as here, the Ninth Circuit requires that a district court conduct a rigorous choice of law analysis and has instructed that California law may only be applied to non-California residents where "the interests of other states are not found to outweigh California's interest in having its law applied . . . ."  *See Davidson*, 2017 WL 976048, at *10 n.3 (quoting *Mazza v. Am. Honda Motor Co., Inc.,* 666 F.3d 581, 590 (9th Cir. 2012)).  However, courts may, and frequently do, defer conducting this choice of law analysis at the motion to dismiss stage. *See id*.  In *Davidson*, this Court deferred the choice of law inquiry "until a later stage of the proceeding, when it has been properly briefed by the parties and when the facts of this case have been more fully developed." *Id*. (internal citation omitted).  Therefore, for the limited purpose of this Motion to Dismiss, Apple evaluates the sufficiency of Plaintiff's common law claims for breach of express warranty, breach of implied warranty, and unjust enrichment under the law of both California and Colorado.[5]  As fully set forth below, Plaintiffs' claims fail as a matter of law and should be dismissed regardless of whether the Court applies California or Colorado law.

## IV. ARGUMENT

### A. Plaintiff's UCL (Count I) and CLRA (Count II) Claims Should Be Dismissed Because He Has Failed To Satisfy Rule 9(b)'s Heightened Pleading Requirements

In support of his UCL and CLRA claims, Plaintiff alleges that Apple "knowingly and intentionally concealed material facts" by "failing to disclose the Defect present in the Watches and by failing to disclose the repair or replacement costs." *See* Complaint ¶¶ 51-52, 64-91. These claims—that Apple violated the UCL and CLRA by failing to disclose facts regarding the Defect—are necessarily grounded in fraud, and Plaintiff was thus required to satisfy the heightened pleading requirements under Rule 9(b). *See Tomek v. Apple Inc.*, 636 F. App'x 712, 713 (9th Cir. 2016) ("Rule 9(b) applies to UCL

---

[5] Although Plaintiff's breach of warranty and unjust enrichment claims fail to state a claim under both California and Colorado law, there is still a conflict of law issue should either of these claims survive the motion to dismiss stage.  Apple reserves all of its arguments that the differences between California law and laws of the other jurisdictions in which the proposed Colorado and nationwide class members reside are material and should preclude class certification. *See Mazza v. Am. Honda Motor Co*., 666 F.3d at 596 (finding that because "the law of multiple jurisdictions applies here to any nationwide class of purchasers or lessees of Acuras [], variances in state law overwhelm common issues and preclude predominance for a single nationwide class.").

and CLRA claims grounded in fraud.") (internal citation omitted); *Kearns*, 567 F.3d at 1127 ("nondisclosure is a claim for misrepresentation in a cause of action for fraud, [which] (as any other fraud claim) must be pleaded with particularity under Rule 9(b)."); *Davidson*, 2017 WL 976048, at *9 (holding that Plaintiffs must comply with Rule 9(b) in stating a claim for fraud premised on fraudulent omissions).  Yet, and as detailed below, Plaintiff has failed to do so.

### 1.    Plaintiff Has Failed To Allege An Actionable Misrepresentation

To state a claim for fraud, a plaintiff must allege the "who, what, when, where, and how" of the alleged misrepresentation.  *Kearns*, 567 F.3d at 1124; *accord Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (Rule 9(b) requires a plaintiff to allege "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations'").  A plaintiff is also required to plead actual reliance on an allegedly deceptive or misleading statement as part of his UCL claim.  *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 326 (2011).  The CLRA similarly requires that a violation "caus[e] or result[] in some sort of damage."  *Meyer v. Spring Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009).

Plaintiff has failed to adequately allege an actionable misrepresentation by Apple.  Plaintiff makes only a vague reference to unspecified Apple advertisements that market Apple Watches as "activity-oriented devices that consumers can take anywhere and use for any practical purpose."  Compl. ¶¶ 29-31.  Yet, Plaintiff has failed to allege that he was exposed to "*any* representation, statement, advertisement, or even packaging prior to purchasing" his Apple Watch.  *See Davidson*, 2017 WL 976048, at *8 (emphasis in original).  To the contrary, the actual representation Apple made to Plaintiff— in the Limited Warranty—made clear that "APPLE DISCLAIMS ALL STATUTORY AND IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE AND WARRANTIES AGAINST HIDDEN OR LATENT DEFECTS."  Compl. ¶ 35, n.7.  Thus, as this Court held in *Davidson* under similar circumstances, "[i]n the absence of any allegations that Plaintiff[] encountered a representation made by Defendant—let alone what those representations were, when they were made, and why they were false—Plaintiff[] [has] failed to plead with particularity any affirmative misrepresentation claim."  *Davidson*, 2017 WL 976048, at *8; *see also Palmer v. Apple Inc.*, Case No.

1    5:15-cv-05808-RMW, 2016 WL 1535087, at *5 (N.D. Cal. Apr. 15, 2016) (holding that a plaintiff's

2    allegations were insufficient to state a claim under Rule 9(b) where the plaintiff did not allege "which

3    specific advertisements or statements he personally saw or when they were made" or "how those

4    statements were false").  Indeed, Plaintiff has yet to identify with particularity (1) any statement by Apple

5    that he reviewed and relied upon, much less a false one, (2) who made the statement(s), (3) when such

6    statement(s) were made, and (4) how he reasonably relied upon such statement(s).  *See Palmer*, 2016

7    WL 1535087, at *5.

8                    **2.      Plaintiff Has Failed To Allege An Actionable Omission**

9             Although Plaintiff repeatedly alleges that Apple failed to disclose the purported Defect, his

10   Complaint does not "specify what materials" he "viewed prior to purchasing" his Apple Watch or that

11   he "w[as] exposed to *any* information, advertisements, labeling, or packaging by Defendant."  *See*

12   *Davidson*, 2017 WL 976048, at *9-10 (internal citation omitted) (emphasis in original).  Accordingly,

13   as this Court observed in *Davidson*, Plaintiff's allegations are far too vague to provide Apple with the

14   "who, what, when, and where" of the allegedly fraudulent omissions, as required by Rule 9(b).  *See id.*;

15   *see also Kearns*, 567 F.3d at 1127 (dismissing fraudulent omission claim under Rule 9(b) where the

16   plaintiffs' "claims of nondisclosure were couched in general pleadings alleging Ford's intent to conceal

17   from consumers that [Certified Pre-Owned vehicles] were essentially the same as ordinary used

18   vehicles").

19            Plaintiff's omission-based claims also fail for the separate and independent reason that he has not

20   alleged facts sufficient to establish that Apple owed a duty to disclose.  Courts in this Circuit have held

21   that where a plaintiff's claim is premised on omissions related to a defect "a manufacturer's duty to

22   consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety

23   issue."  *See Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1141-42 (9th Cir. 2012); *see also Hodges*

24   *v. Apple Inc.,* No. 13-CV-01128-WHO, 2013 WL 6698762, at *4 (N.D. Cal. Dec. 19, 2013), aff'd, 640

25   F. App'x 687 (9th Cir. 2016); *Donohue v. Apple, Inc.,* 871 F. Supp. 2d 913, 925-26 (N.D. Cal. 2012)

26   ("As the Ninth Circuit has recently cautioned, in the context of product defect claims, 'California courts

27   have generally rejected a broad obligation to disclose.'").

28

                                                          8

1       Here, Plaintiff has not, and cannot, allege any basis for imposing a duty on Apple beyond those

2   set forth in the Limited Warranty.  Plaintiff has not identified any affirmative misrepresentation

3   satisfying the requirement of Rule 9(b) and does not allege that the Defect related to a safety issue.  And,

4   Plaintiff's admission that the Defect did not manifest until after the Limited Warranty expired is fatal to

5   his omission-based claim under California law because "for omission-based claims outside the warranty

6   period, 'a manufacturer's duty to consumers is limited to . . . an affirmative misrepresentation or a safety

7   issue.'"  *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1135 (N.D. Cal. 2013) (Koh, J.) (citing

8   *Smith v. Ford Motor Co*., 749 F. Supp. 2d 980, 988 (N.D. Cal. 2010)).  Accordingly, Plaintiff has failed

9   to state an actionable omission pursuant to Rule 9(b) upon which to base his UCL or CLRA claim.  Thus,

10  Plaintiff's fraud-based UCL and CLRA claims do not satisfy the heightened Rule 9(b) pleading

11  requirements; and therefore should be dismissed.[6]

12      **B.**    **Plaintiff's UCL Claim Otherwise Fails As A Matter Of Law (Count I)**

13      The UCL provides that "unfair competition shall mean and include any unlawful, unfair or

14  fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ."  Cal.

15  Bus. & Prof. Code § 17200.  "California's UCL provides a cause of action for business practices that are

16  (1) unlawful, (2) unfair, or (3) fraudulent."  *Moore v. Apple, Inc*., 73 F. Supp. 3d at 1204.  "Although the

17  unfair competition law's scope is sweeping, it is not unlimited."  *Cel-Tech Commc'ns, Inc. v. L.A.*

18  *Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

19      Here, Plaintiff parrots the statute in alleging that Apple's "business practices" "constitute

20  unlawful, unfair, and fraudulent business practices in violation of California Business & Professions

21  Code §§ 17200, *et seq*"  *See* Compl. ¶ 65.  Yet, not only has Plaintiff failed to sufficiently plead the

22  UCL's "fraudulent" prong as set forth above (*see supra* Section IV (A),[7] but he has also failed to

23  sufficiently allege any predicate "unlawful" or "unfair" conduct by Apple.

24      **1.**    **Plaintiff Has Failed To Allege Any "Unfair" Acts Under The UCL**

25

26  [6] To the extent Plaintiff's other claims are based on Apple's alleged fraudulent conduct, those claims should be dismissed for the same reasons.

27  [7] *See Arena Rest. & Lounge LLC v. S. Glazer's Wine & Spirits, LLC*, Case No. 17-CV-03805-LHK, 2018

28  WL 1805516, at *13 (N.D. Cal. Apr. 16, 2018) (Koh, J.) (noting that the "fraudulent prong" of the UCL claim is subject to Rule 9(b)'s heightened pleading requirements).

1    Plaintiff vaguely alleges that Apple's purported conduct is "unfair" within the meaning of the

2    UCL, but the Complaint is wholly devoid of specific factual allegations on the subject.  Although the

3    UCL does not define the term "unfair," California courts have developed at least two tests for

4    "unfairness" within the meaning of the statute:  "(1) the tethering test, which requires that the public

5    policy which is a predicate to a consumer unfair competition action under the unfair prong of the UCL

6    must be tethered to specific constitutional, statutory, or regulatory provisions, . . . and (2) the balancing

7    test, which examines whether the challenged business practice is immoral, unethical, oppressive,

8    unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the

9    defendant's conduct against the gravity of the harm to the alleged victim . . . ."  *Herskowitz v. Apple Inc*.,

10   940 F. Supp. 2d 1131, 1145–46 (N.D. Cal. 2013) (Koh, J.) (internal citations and quotations omitted).

11   Plaintiff does not state a claim under either test.[8]

12   Under the first test, Plaintiff must allege that Apple's purported conduct violated a public policy

13   that is "tethered" to specific constitutional, regulatory, or statutory provisions.  *Herskowitz*, 940 F. Supp.

14   2d at 1145.  This "tethering" is necessary because "[c]ourts may not simply impose their own notions of

15   the day as to what is fair or unfair."  *Cel-Tech*, 20 Cal. 4th at 182, 185.  Plaintiff does not purport to base

16   his claim under the unfair prong on any public policy.

17   The second test "examines whether the challenged business practice is 'immoral, unethical,

18   oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the

19   utility of the defendant's conduct against the gravity of the harm to the alleged victim.'"  *Herskowitz*,

20   940 F. Supp. 2d at 1145-46 (citing *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257

21   (2010)) (citation and internal quotation marks omitted).  Under this test, courts weigh the benefit of an

22   alleged practice against the harm it causes to consumers.  *See Arena Rest. & Lounge*, 2018 WL 1805516,

23   at *13 ("In determining whether a practice is unfair, California courts examine the practice's impact on

24   its alleged victim and balance that impact against the reasons, justifications, and motives of the alleged

25

26   _____

     [8] This Court has acknowledged the possibility a third possible test, but observed that "California law is
27   currently unsettled with regard to the standard applied to consumer claims under the unfair prong of the
     UCL" and that "[p]ending resolution of this issue by the California Supreme Court, the Ninth Circuit
28   has approved the use of either the balancing or the tethering tests in consumer actions."  *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104 (N.D. Cal. 2017) (Koh, J.) (internal citation omitted).

wrongdoer.") (citing *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006)).  Further, where the alleged "unfair" business practice is grounded in allegations of fraud, "the pleading must satisfy the heightened standard of Rule 9(b)" in order to satisfy the "balancing test."  *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1050-51 (N.D. Cal. 2014) (Koh, J.) (holding that plaintiff had failed to satisfy the "balancing test" where Plaintiffs had "failed to plead the details of Apple's alleged fraudulent conduct with sufficient particularity and failed to plead actual reliance").

In support of its UCL claim, Plaintiff alleges that Apple "knowingly and intentionally concealed material facts and breached its duty not to do so" by "failing to disclose the Defect present in the Watches and by failing to disclose the repair or replacement costs stemming from its policy of insisting the Defect is not covered by its Limited Warranty."  Compl. ¶ 68.  In other words, Plaintiff's allegations of Apple's purported "unfair" practices rely on Apple's alleged fraudulent conduct as the basis of his claim.  But, as detailed above, *see supra* Section IV (A), Plaintiff has failed to adequately state the "who, what, when, where, and how" of Apple's alleged fraudulent conduct.  *See In re Actimmune Mktg. Litig.,* No. C 08-02376 MHP, 2010 WL 3463491, at *11 (N.D. Cal. Sept. 1, 2010), aff'd, 464 F. App'x 651 (9th Cir. 2011).  Thus, without sufficient allegations of wrongdoing, Plaintiff has not identified any conduct by Apple that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and has failed to adequately allege any "unfair" business practice by Apple.  *See Palmer*, 2016 WL 1535087, at *7 ("Without additional allegations of wrongdoing, it is hard to see how Apple's failure to disclose the details of how the iPhone 5 switched off its Wi-Fi capability to improve battery life was 'immoral, unethical, oppressive, or unscrupulous.'").

### 2.    Plaintiff Does Not Allege Any  "Unlawful" Act by Apple

An "unlawful" practice or act under the UCL is "anything that can properly be called a business practice and that at the same time is forbidden by law."  *Yastrab v. Apple Inc.*, 173 F. Supp. 3d 972, 977 (N.D. Cal. 2016) (citation omitted).  "[T]he UCL 'borrows violations of other laws and treats them as unlawful practices" that are "independently actionable" under the statute.  *Moore*, 73 F. Supp. 3d at 1204 (citing *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th at 180).  Importantly, this Court and others in the Ninth Circuit regularly dismiss UCL claims where the plaintiff has not established a predicate violation of underlying law.  *See, e.g., Moore*, 73 F. Supp. 3d at 1202; *Rudd v. Borders, Inc.*,

No. 09CV832 BTM (NLS), 2009 WL 4282013, at *2 (S.D. Cal. Nov. 25, 2009)("If a plaintiff cannot state a claim under the predicate law, however, [the UCL] claim also fails.").

As discussed in this Motion, Plaintiff has failed to allege any actionable claim against Apple. [9] Thus, Plaintiff has failed to adequately plead a violation of the "unlawful" prong. *See Palmer*, 2016 WL 1535087, at *6; *see also Hodges v. Apple Inc.*, 2013 WL 4393545, at *6 ("Because [Plaintiff] fails to plead with particularity how Apple violated any statute, he also fails to adequately plead a violation under the UCL's 'unlawful' prong."); *Arena Rest. & Lounge*, 2018 WL 1805516, at *13 (dismissing UCL claim to the extent it is derivative of other claim dismissed in the same order).

## C. Plaintiff Has Failed To Otherwise State A Claim Under CLRA (Count II)

Plaintiff's CLRA claim also fails for the independent reason that Plaintiff does not allege sufficient facts establishing that Apple knew of the Defect at the time of sale of his Apple Watch. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction *intended to result or that results in* the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a) (emphasis added). "Consequently, California federal courts have held that, under the CLRA, plaintiffs must sufficiently allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss." *Wilson*, 668 F.3d at 1145 (citing *In re Sony HDTV*, 758 F. Supp. 2d at 1095 ("Sony had no duty to disclose facts of which it was unaware."); *Kent v. Hewlett–Packard Co.*, No. 09–5341 JF (PVT), 2010 WL 2681767, at *10 (N.D. Cal. July 6, 2010) ("Plaintiffs have not alleged with specificity any other facts that could support a claim that HP knew the computers in suit were defective at the time of sale or that HP actively concealed a defect at the time of sale.")).

Here, the Complaint does not allege plausible facts establishing that Apple knew of the Defect at the time of sale of his Apple Watch. Instead, it speculates that Apple "***either knew, or should have known***, that the Watches contain the Defect," pointing to purported complaints by other Apple

---

[9] Moreover, even if Plaintiff could state a claim for breach warranty, which he cannot, a breach of warranty standing alone does not qualify as an "unlawful, unfair or fraudulent business act or practice" for purposes of the UCL. *See e.g.*, *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1043-44 (9th Cir. 2010) (holding that "a common law violation such as breach of contract is insufficient" to support the unlawful prong of a UCL claim); *Wang & Wang LLP v. Banco do Brasil, S.A.*, No. Civ. S–06–00761 DFL KJM, 2007 WL 915232, at *4 (E.D. Cal. Mar. 26, 2007) ("[A]ll that remains is a naked claim for breach of contract, which, standing alone, is an insufficient basis for a § 17200 claim.").

customers.  *See, e.g.*, Compl. ¶¶ 9, 50 ("consumers' complaints at Apple Stores, to Apple Support, and online leave no doubt that Apple is fully aware of the Defect") (emphasis added).  But, such speculative and conclusory allegations are wholly insufficient to establish knowledge by Apple.  *See, e.g.*, *Berenblat v. Apple, Inc.*, Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010) (holding that complaints posted on the defendant's website were insufficient to show that the defendant had knowledge of an alleged defect); *see also Baba v. Hewlett-Packard Co.,* No. C 09-05946 RS, 2011 WL 317650, at *3 (N.D. Cal. Jan. 28, 2011) ("[a]wareness of a few customer complaints . . . does not establish knowledge of an alleged defect.").  Plaintiff's allegations here are particularly sparse and insufficient—of the 15 posts from the Apple "Communities" cited in the Complaint, all but two were posted *after* Plaintiff's December 2016 purchase of the Apple Watch.  With respect to the two lone prior complaints, one (on August 18, 2016) complained, "My iWatch face fell out and i [*sic*] cannot access the password" with no allegation of a defect and the other (on August 19, 2016) inquired "What would cause watch face to pop out?  I've had my watch for over a year so it will be out of warranty."  Compl. ¶ 47.  These two complaints, neither of which asserted the Defect alleged in the Complaint, do not establish Apple's knowledge for purposes of Plaintiff's CLRA claim.  As the Ninth Circuit observed in *Wilson v. Hewlett-Packard Co.*, "the complaints do not support an inference that [Apple] was aware of the defect at the time it sold the [Apple Watch] to Plaintiff[]." 668 F.3d at 1148.  For this reason as well, Plaintiff's CLRA claim should be dismissed.

### D.  Plaintiff Has Not Stated a Viable Claim for Breach of Express Warranty (Count III)

A cause of action for breach of an express warranty is contractual in nature and, therefore, the terms of the warranty itself determine whether a plaintiff has stated an actionable claim.  *See*, *e.g., Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 525 (1992) ("A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty."); *see also In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 919 (9th Cir. 2014) (dismissing plaintiff's breach of express warranty claims because plaintiff failed to allege the "exact terms of the warranty").

Here, and as acknowledged in the Complaint, the terms of the Limited Warranty specifically states that "Apple . . . warrants . . . against ***defects in materials and workmanship*** when used normally in accordance with Apple's published guidelines . . . ***for a period of ONE (1) Year from the date of***

13

1   ***original retail purchase*** by the end-user purchaser ("Warranty Period")."   *See* Compl. ¶ 35, n.7

2   (emphasis added).   Moreover, the Limited Warranty expressly provides that this "warranty and the

3   remedies set forth are ***exclusive*** and in lieu of all other warranties, remedies and conditions" and

4   disclaims all other warranties, whether implied or express.  *See id.* (emphasis added).

5   As set forth in detail below, Plaintiff has not (and cannot) allege that the purported Defect

6   occurred within one year after the date of purchase or that it was a defect "in materials and

7   workmanship."  Accordingly, Plaintiff's claim is futile and should be dismissed.

8   **1.   Plaintiff Has Failed to State a Claim for Breach of Express Warranty Because the Limited Warranty On Which He Relies Had Expired**

9

10   Plaintiff's breach of express warranty claim (Count III) fails as a matter of law because Plaintiff

11   does not, and cannot allege that Apple failed to honor a warranty claim tendered during the one-year

12   Warranty Period; and instead brought his claim after the expiration of the Limited Warranty.  This Court

13   has recognized the "general rule" that "an express warranty has no affect after the applicable time period

14   has elapsed." *Davidson*, 2017 WL 976048, at *12 (internal citation omitted); *see also Marchante v. Sony*

15   *Corp. of Am., Inc.*, 801 F. Supp. 2d 1013, 1021 (S.D. Cal. 2011) ("To properly assert a breach of warranty

16   claim, a Plaintiff must allege a breach of warranty—occurring while the warranty is valid—and bring

17   suit within the limitations period."); *Taylor Morrison of Colo. v. Bemas Constr.,* Case No. 10-CV-2032,

18   2012 Colo. Dist. LEXIS 1920, at *18 (D. Colo. May 31, 2012) ("In order for a breach of warranty claim

19   to be asserted, a claim must be made during the warranty period").  Even standing alone, this warrants

20   dismissal of Plaintiff's express warranty claim.[10]

21

22   _____

[10] To the extent Plaintiff intends to argue that the durational limit is substantively unconscionable

23   because Apple allegedly knew the Watches were defective at the time it sold the devices, this argument has been repeatedly considered and rejected by this Court and other courts in the Ninth Circuit. *See*

24   *Davidson,* 2017 WL 976048, at *12 (noting that the Court was "not persuaded by Plaintiffs' argument that [Apple's] Limited Warranty's 1-year duration provision is unconscionable."); *Clemens v.*

25   *DaimlerChrysler Corp.*, 534 F.3d 1017, 1022-23 (9th Cir. 2008) (rejecting the argument that the defendant's warranty should be extended to cover defects that "already existed before the warranty

26   expired, . . . [where the defendant] had knowledge of the defect at the time of sale[.]").  Colorado courts have also rejected this argument. *Regents of Univ. of Colo. ex rel. Univ. of Colo. at Boulder v. Harbert*

27   *Constr. Co.*51 P.3d 1037, 1041 (Colo. App. 2001) (rejecting plaintiff's argument that the remedy available to plaintiffs under the twelve-month warranty "failed of its essential purpose," finding instead

28   that "[t]he warranty provision did not provide an inadequate remedy to plaintiffs during the warranty period; it merely limited the duration of the contractor's liability").

##### 2. Apple's "Materials and Workmanship" Warranty Does Not Warrant Against the Purported Defect

Plaintiff's express warranty claim (Count III) also fails for the separate and independent reason that the Limited Warranty only warrants "against defects in materials and workmanship" and Plaintiff does not allege plausible facts establishing a defect in the materials or workmanship of the Apple Watch. Indeed, in order to sufficiently plead an express warranty claim for a defect in materials and workmanship, a plaintiff needs to "*identify/explain how* the [product] either deviated from [defendant's] intended result/design or *how* the [product] deviated from other seemingly identical [product] models." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*, 754 F. Supp. 2d 1208, 1222 (C.D. Cal. 2010) (emphasis in original) (alterations in original); *see also Graham Hydraulic Power, Inc. v. Stewart & Stevenson Power, Inc.*, 797 P.2d 835 (Colo. App. 1990) (finding no breach of the express warranty because the warranty only protected against defects in materials or workmanship); *see also Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 669 (9th Cir. 2013) (finding that plaintiff "failed to adequately allege a materials or workmanship defect [because] [d]espite its scattered references to 'materials', the gravamen of the complaint is that the Prius's defect resulted from the use of resin to construct the gas tanks, which is a design decision."); *see also Davidson*, 2017 WL 976048, at *12 (dismissing express warranty claims because "the factual allegations in Plaintiffs' [Complaint] evince only a design defect, rather than a defect in 'materials and workmanship,' Plaintiffs have not stated a claim for breach of express warranty").

In *Davidson*, this Court recognized that "[t]he crux of Plaintiffs' allegations [was] that the iPhone 6 and 6 Plus were built in accordance with Defendants' intended specifications, but that Defendant chose materials for the iPhone 6 and 6 Plus that are insufficient to protect the iPhone's internal components." 2017 WL 976048, at *11 (internal quotation marks and citation omitted).  Accordingly, this Court found that "because the factual allegations in Plaintiffs' SACC evince only a design defect, rather than a defect in 'materials and workmanship,' Plaintiffs have not stated a claim for breach of express warranty." *Id., at *12*.

Here, as in *Davidson*, the gravamen of Plaintiff's Complaint is that the Apple Watch contains some unspecified design defect.  Compl. ¶ 3 ("The Watches **all contain the same defect and/or flaw**,

15

which causes the screens on the Watches to crack, shatter, or detach from the body of the Watch (the 'Defect')") (emphasis added); *see also* ¶ 44 ("the Defect described above is present in every series, model, and size of the Watches").  Nowhere does the Plaintiff allege that his Apple Watch deviated from Apple's intended specifications (*i.e.*, was manufactured using materials that did not meet Apple's specifications or that particular Apple Watch units were assembled improperly).  Because Plaintiff at best alleges an (unidentified) issue with design choices, and not a manufacturing defect, Plaintiff's claim against Apple is plainly not within scope of the Limited Warranty and should be dismissed.  *See Clark v. LG Elecs. U.S.A., Inc.*, No. 13-CV-485 JM (JMA), 2013 WL 5816410, at *8 (S.D. Cal. Oct. 29, 2013) (holding that plaintiff failed to allege a defect in materials and workmanship where plaintiff alleged that other purchasers of the particular model of LG refrigerator experienced the same problems); *see also Brothers v. Hewlett-Packard Co.*, No. C-06-02254 RMW, 2007 WL 485979, at *4 (N.D. Cal. Feb. 12, 2007) ("Unlike defects in materials or workmanship, a design defect is manufactured *in accordance with* the product's intended specifications.") (emphasis in original).

> **E.**     **Plaintiff has Not Stated a Viable Claim for Breach of Implied Warranty (Count IV)**

As detailed below, Plaintiff's implied warranty claim (Count IV) should be dismissed because Apple's disclaimer of implied warranties is enforceable and, in any event, Plaintiff did not assert an implied warranty claim during the Warranty Period.

> **1.**     **Apple Disclaimed All Implied Warranties and Limited the Duration of Any Implied Warranties Not Disclaimed to One Year**

Plaintiff's implied warranty claim (Count IV) fails because Apple disclaimed all implied warranties and limited the duration of any implied warranties to one year from the date of purchase. Under both California and Colorado law, a seller may disclaim implied warranties.  Under California law, a seller may disclaim the implied warranty of merchantability so long as the disclaimer "mentions[s] merchantability" and is "conspicuous" and may disclaim the implied warranty of fitness as long as the disclaimer is in writing and "conspicuous."  *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 819 (N.D. Cal. 2014) (citing Cal. Com. Code § 2316(2)).  Likewise, under Colorado law, "[l]imitations on the duration of implied warranties in such a case are valid so long as they are prominently displayed on the face of the warranty in clear and unmistakable language and are not unconscionable."  *Bush v. Am. Motors Sales*

1   *Corp.*, 575 F. Supp. 1581, 1583 (D. Colo. 1984) (holding that the "limitations of the express and limited

2   warranties given with the sale of the [product] are neither unreasonable nor unconscionable").

3        Plaintiff does not dispute that Apple's Limited Warranty prominently and conspicuously states

4   in clear language and capitalized letters a disclaimer for any implied warranties, including the implied

5   warranties of "merchantability," "fitness for a particular purpose" and "warranties against hidden or

6   latent defects." *See* Compl. ¶ 35, n.7. Therefore, as other courts in this district have held in cases

7   involving Apple product warranties, Apple's disclaimer was sufficient to disclaim all implied warranties

8   potentially applicable to Plaintiff's Apple Watch. *See Minkler*, 65 F. Supp. 3d at 819 ("Apple's

9   Hardware Warranty disclaimed all implied warranties in accordance with California law because it stated

10   in clear language and capitalized formatting that Apple 'disclaims all statutory and implied warranties,

11   including without limitation, warranties of merchantability and fitness for a particular purpose and

12   warranties against hidden or latent defects.'"); *see also O'Neil v. Int'l Harvester Co.*, 40 Colo. App. 369

13   (Colo. App. 1978) (finding that the implied warranty at issue was properly disclaimed because the

14   language in the contract was sufficient to inform the plaintiff that there was no implied warranty in effect

15   for the product); *Graham Hydraulic Power,* 797 P.2d at 835 (finding that the plaintiff had independently

16   and effectively disclaimed any implied warranty when it provided the defendant with a copy of the

17   manufacturer's disclaimer).

18        Moreover, the clear language of the Limited Warranty limits the duration of any implied

19   warranties not disclaimed to one year (*i.e.*, the same term provided for by Apple's express warranty).

20   *See* Compl. ¶ 35, n.7 (https://www.apple.com/legal/warranty/products/warranty-us.html) ("In so far as

21   such [implied] warranties cannot be disclaimed, Apple limits the duration and remedies of such

22   warranties to the duration of this express warranty."). Thus, Plaintiff's claim for implied warranty of

23   merchantability should be dismissed for the additional reason that the implied warranty period has

24   expired. *See, e.g., In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television

25   Litig.*, 758 F. Supp. 2d 1077, 1100 (S.D. Cal. 2010) ("The duration of the implied warranty of

26   merchantability . . . shall be coextensive in duration with an express warranty . . . but in no event shall

27   such implied warranty have a duration of . . . more than one year following the sale of new consumer

28   goods to a retail buyer.") (quoting Cal. Civ. Code § 1791.1(c)); *Great N. Ins. Co. v. Toto U.S.A., Inc.*,

1   No. 15-CV-01120-RBJ, 2016 WL 4091177, at *1 (D. Colo. July 13, 2016) ("The warranty further

2   provides that implied warranties of merchantability or fitness for use are limited to the duration of the

3   express warranty. . . . Modification of implied warranties is permitted under Colorado law.") (citing

4   C.R.S. § 4-2-316).

5        Therefore, because Apple disclaimed all implied warranties and Plaintiff has not alleged that

6   Apple failed to honor a warranty claim tendered during the Warranty Period, Plaintiff's implied warranty

7   claim (Count IV) should be dismissed.

8        **2.    Plaintiff Has Not Alleged Sufficient Facts to Establish His Claim that Apple
            Breached the Implied Warranty of Merchantability**
9

10       Even if this Court were to find that Apple had not disclaimed all implied warranties, which it

11   clearly has, Plaintiff has still not alleged sufficient facts to give rise to breach of the implied warranty of

12   merchantability.  A "breach of the implied warranty of merchantability means the product did not possess

13   even the most basic degree of fitness for ordinary use."  *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th

14   402, 406 (2003); *see also Haffner v. Stryker Corp.*, No. 14-CV-00186-RBJ, 2014 WL 4821107, at *6

15   (D. Colo. Sept. 29, 2014) ("Colorado further imposes an implied warranty of merchantability, effectively

16   a guarantee that a product is fit for the ordinary purposes for which it is used.").  "A product which

17   performs its ordinary function adequately does not breach the implied warranty of merchantability

18   merely because it does not function as well as the buyer would like, or even as well as it could."  *Marcus*

19   *v. Apple Inc.*, No. C 14-03824 WHA, 2015 WL 151489, at *9 (N.D. Cal. Jan. 8, 2015)(quoting *General*

20   *Motors Corp. v. Brewer*, 966 S.W.2d 56, 57 (Tex. 1998)).

21       Here, Plaintiff alleges that his Apple Watch began to malfunction more than a year after purchase.

22   Plaintiff, therefore, failed to allege that the Watch lacked a minimum level of quality because by his own

23   admission, the Watch's screen performed adequately for him for more than a year before it allegedly

24   became cracked or detached from the Watch.  *See Marcus v. Apple Inc.*, 2015 WL 151489, at *9 (holding

25   that plaintiffs failed to plead a breach of the implied warranty of merchantability where both plaintiffs

26   were able to adequately use their computers for approximately 18 months and two years, respectively,

27   before they began to malfunction).  Moreover, Plaintiff concedes that, for at least the period of the

28

1    Limited Warranty, the Watch served its intended purpose of not only telling time, but also allowing

2    Plaintiff to download apps, receive text messages, and track location.  *See* Compl. ¶ 29.

3    **F.    Plaintiff's Magnuson-Moss Warranty Act Claim (Count V) Fails with His State Law**
         **Warranty Claims**

4

5    Plaintiff's inability to assert an underlying breach of warranty claim under state law is fatal to his

6    Magnuson-Moss Warranty Act claim.  The Magnuson-Moss Warranty Act provides a federal private

7    right of action for state law warranty claims under 18 U.S.C. § 2301(d)(1)), but does not expand those

8    state law rights.  Thus, Plaintiff's claim under the Magnuson-Moss Warranty Act "stand[s] or fall[s] with

9    [their] express and implied warranty claims under state law."  *Clemens*, 534 F.3d at 1022; *see also Janke*

10   *v. Brooks*, No. 11-CV-00837-REB-BNB, 2012 WL 1229891, at *2 n.3 (D. Colo. Apr. 11, 2012) (noting

11   that the court's conclusion that "the state law warranty claims cannot stand would be fatal to this federal

12   [Magnuson–Moss Warranty Act] claim"); *Daugherty*, 144 Cal. App. 4th at 833 (finding that the lower

13   court correctly concluded that "failure to state a warranty claim under state law necessarily constituted

14   a failure to state a claim under Magnuson-Moss").

15   Here, Plaintiff's Magnuson-Moss Warranty Act claim is derivative of, and solely dependent upon

16   his express and implied warranty claims.  Because Plaintiff's state law warranty claims fail, as discussed

17   *supra* Section IV (D-E), his claim under the Magnuson-Moss Warranty Act (Count V) should also fail.

18   *See Clemens,* 534 F.3d at 1022 ("[D]isposition of the state law warranty claims determines the

19   disposition of the Magnuson–Moss Act claims.").

20   **G.    Plaintiff's Unjust Enrichment Claim Fails Under Both California and Colorado**
         **Law**

21

22   Plaintiff cannot prevail on his unjust enrichment claim, regardless of whether California or

23   Colorado law applies.

24   **1.    There is No Independent Cause of Action for Unjust Enrichment in**
         **California**

25

26   Under California Law, unjust enrichment is not an independent cause of action.  *Jogani v.*

27   *Superior Court*, 165 Cal. App. 4th 901, 911 (2008).  "Rather, [unjust enrichment] is a general principle

28   underlying various doctrines and remedies, including quasi-contract."  *Id. (citing Melchior v. New Line*

19

1   *Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003).  In the context of consumer protection laws, the

2   Ninth Circuit has held that a plaintiff may seek relief based on an unjust enrichment theory in relation to

3   its consumer law claims if the court treats the claim for relief "as a quasi-contract claim seeking

4   restitution."  *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).  In other words,

5   a "court may look past the formal label of a claim for 'unjust enrichment' if the allegations state a claim

6   which allows for the type of recovery supported by the principle of unjust enrichment."  *Swift v. Zynga*

7   *Game Network, Inc.*, No. C 09-05443 SBA, 2010 WL 4569889, at *9 (N.D. Cal. Nov. 3, 2010) (quoting

8   *Miletak v. Allstate Ins*. Co., 2010 WL 809579 (N.D. Cal. 2010)).  Here, and as set forth *supra* Section

9   IV (A-C), because Plaintiff has failed to allege facts that would support relief under the UCL and CLRA,

10  Plaintiff, thus, cannot plead any facts that would support relief based on an unjust enrichment theory.

11  Accordingly, Plaintiff's dependent unjust enrichment claims (Count VI) should be dismissed.

12      Furthermore, Plaintiff's unjust enrichment claim also fails under "[u]nder California law, unjust

13  enrichment is an action in quasi-contract" and "[a]n action based on quasi-contract cannot lie where a

14  valid express contract covering the same subject matter exists between the parties."  *Zepeda v. PayPal,*

15  *Inc.*, 777 F. Supp. 2d 1215, 1223 (N.D. Cal. 2011) (internal citations omitted).  Thus, "a plaintiff may

16  recover for unjust enrichment only where there is no contractual relationship between the parties."  *Id.*

17  Here, as discussed above, a valid express warranty exists between the Plaintiff and Apple, which covers

18  the subject matter at issue.  *See id*.  Therefore, Plaintiff's unjust enrichment claims fails as a matter of

19  California law.

20          **2.      Equitable Relief is Not Available Under Colorado Law When There Is**
                     **Adequate Legal Remedy**

21

22      Plaintiff's unjust enrichment claim also fails under Colorado law because unjust enrichment is

23  an equitable remedy.  *Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc.*, 821 P.2d 788 (Colo. 1991).

24  And, it is axiomatic under Colorado law that a plaintiff cannot recover on a claim sounding in equity

25  where there is a "plain, speedy, adequate remedy at law."  *Szaloczi v. John R. Behrmann Revocable Tr.*,

26  90 P.3d 835, 842 (Colo. 2004) (*citing Hoffman v. Colorado State Board of Assessment Appeals*, 683

27  P.2d 783 (Colo. 1984); *W. Ridge Grp., LLC v. First Tr. Co. of Onaga*, 414 F. App'x 112, 120 (10th Cir.

28  2011) (describing unjust enrichment as "a remedy designed for circumstances in which other remedies

are unavailable").  In *Interbank Invs., LLC v. Eagle River Water and Sanitation Dist.*, the Colorado Court of Appeals held that "[i]n general, a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract."  77 P.3d 814, 816 (Colo. App. 2003).[11]  Moreover, unjust enrichment is "not available as a mere alternative legal theory when the subject is covered by an express contract."  *W. Ridge Grp., LLC v. First Tr. Co. of Onaga*, 414 F. App'x 112, 120 (10th Cir. 2011) (citing *Interbank Investments, LLC v. Eagle River Water and Sanitation Dist.,* 77 P. 3d at 819); *see also Zepeda,* 777 F. Supp. 2d at 1223 (same).

Here, Plaintiff concedes the existence of alternate potential remedies at law by alleging claims for breach of express and implied warranty.  Moreover, Plaintiff does not contest the existence of an express contract, *i.e.*, the Limited Warranty, which specifically disclaims "other legal theory".  *See* Compl. ¶ 35, n.7.  Therefore, Plaintiff cannot plead an unjust enrichment claim in the alternative to his breach of warranty claim.  And, notably, Plaintiff's failure to state a claim for breach of express warranty, as discussed in Section III (D), *supra*, does not save the unjust enrichment claim.  Accordingly, Plaintiff's unjust enrichment claim should be dismissed.

## H.    Plaintiff Lacks Standing to Seek Injunctive Relief

A party seeking injunctive relief from a federal court must allege not only that he has "suffered or is threatened with a concrete and particularized legal harm," but also that there is "a sufficient likelihood that he will again be wronged in a similar way.  *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007) (citation and internal quotation marks omitted).  To plead sufficient facts to establish standing, a plaintiff must allege that she "has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that she will again be wronged in a similar way." *Phillips v. Apple Inc.*, No. 15-CV-04879-LHK, 2016 WL 5846992, at *6 (N.D. Cal. Oct. 6, 2016) (Koh, J.), aff'd, 725 F. App'x 496 (9th Cir. 2018)(quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d at

---

[11] There, the Colorado Court of Appeals recognized two exceptions to this limitation:  first, "a party can recover on a quasi-contract when the implied-in-law contract covers conduct outside the express contract or matters arising subsequent to the express contract" and second, "a party can recover on a quasi-contract when the party will have no right under an enforceable contract."  Neither exception is applicable in the case at hand.

985).  With respect to the latter requirement, courts in the Ninth Circuit have required a showing of a "'*real* and *immediate* threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (emphasis added).  The "threatened injury must be certainly *impending* to constitute injury in fact" and mere "allegations of *possible* future injury are not sufficient." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (emphasis in original) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).  In a putative class action, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers–Durgin v. de la Vina,* 199 F.3d 1037, 1045 (9th Cir. 1999).

"In cases involving false or misleading product advertising, 'where a plaintiff has no intention of purchasing the product in the future, a majority of district courts have held that the plaintiff has no standing to seek prospective injunctive relief.'"  *Davidson*, 2017 WL 976048, at *6.  In *Davidson*, this Court found that the plaintiff's Second Amended Complaint contained "no allegations that any of the named Plaintiffs intend to purchase an iPhone 6 or 6 Plus in the future" and therefore, held that the plaintiffs' allegations fell short of establishing "[a] real and immediate threat of injury necessary to make out a case or controversy."  2017 WL 976048, at *6 (alteration in original) (quoting *City of Los Angeles v. Lyons*, 416 U.S. 95, 111 (1983)).  This holding remains applicable here despite the Ninth Circuit's ruling in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), where the Court held that the plaintiff "properly alleged that she faces a threat of imminent or actual harm by not being able to rely on Kimberly–Clark's labels in the future, and that this harm is sufficient to confer standing to seek injunctive relief*," id*. at 967, because the plaintiff alleged that she *intended* to purchase flushable wipes in the future.  *Id*. at 971.  Here, however, Plaintiff has failed to allege that he intends to purchase another Apple Watch in the future, or even that Apple is still selling Series 0 or Series 2 Watches.  Therefore, Plaintiff's allegations do not establish standing to seek injunctive relief and his demand for injunctive relief should be dismissed.

1

## CONCLUSION

2        For the foregoing reasons, Apple respectfully requests that the Court dismiss Plaintiff's

3   Complaint in its entirety with prejudice pursuant to Rule 12(b)(1) and Rule 12(b)(6).

4

DATED:  August 10, 2018              Respectfully submitted,

5

WEIL, GOTSHAL & MANGES LLP

6

By:  */s/ David R. Singh*

7                                  David R. Singh

8                        Attorneys for Defendant

9                        APPLE INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28