DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
HONG-AN N. TRAN (Bar No. 267685)
an.tran@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA  94065-1134
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100

DAVID J. LENDER (*pro hac vice*)
david.lender@weil.com
ALLISON H. SEMAYA (*pro hac vice*)
allison.semaya@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| KENNETH SCIACCA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC,<br><br>Defendant. | Case No. 5:18-cv-3312-LHK<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  January 31, 2019<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 8 – 4th Floor<br>Judge:  Honorable Lucy H. Koh |

1

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

2   TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

3   PLEASE TAKE NOTICE that on January 31, 2019, at 1:30 p.m., or as soon thereafter as the

4   matter may be heard, before the Honorable Lucy H. Koh in Courtroom 8, located at the Robert F.

5   Peckman Federal Building, 280 South First Street, Fifth Floor, San Jose, California, Defendant Apple

6   Inc. ("Apple") will and hereby does move to dismiss Plaintiff Kenneth Sciacca's ("Plaintiff") Amended

7   Complaint filed in this action (the "Amended Complaint"), and specifically Plaintiff's claims for

8   Unlawful Business Acts and Practices in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq. (Count

9   I), Violations of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA") (Count

10  II), Breach of Express Warranty (Count III), Breach of Implied Warranty (Count IV), Breach of Written

11  Warranty under the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.*) (Count V), and Unjust

12  Enrichment (Count VI) pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of standing and

13  12(b)(6) for failure to state a claim upon which relief can be granted.

14  This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and

15  Authorities in support thereof, all other pleadings and papers on file herewith, and such other argument

16  and evidence as may be presented to the Court.

17  Dated: September 28, 2018

18                                          Respectfully submitted,

19

20                                          WEIL, GOTSHAL & MANGES LLP
                                            By:    */s/ David R. Singh*

21                                                 David R. Singh

22                                          Attorneys for Defendant APPLE INC.

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................1

II. FACTUAL BACKGROUND ................................................2

III. LEGAL STANDARD ......................................................4

    A. Motion to Dismiss Under Rule 12(b)(6) ...........................4

    B. Motion to Dismiss Under Rule 12(b)(1) ...........................5

    C. Governing Law ........................................................5

IV. ARGUMENT ..................................................................6

    A. Plaintiff's Fraud-Based Claims under the UCL (Count I) and CLRA (Count II) Should Be Dismissed ................................6

        1. Plaintiff Has Failed To Allege An Actionable Misrepresentation ..............7

        **2.** Plaintiff Has Failed To Allege An Actionable Omission ...........................8

            a. Plaintiff Has Failed To Identify the Purported Defect....................9

            b. Plaintiff Has Failed to Allege Apple's Knowledge of a Defect.....11

            c. Plaintiff Has Failed To Allege a Safety Issue ...............................12

    B. Plaintiff's UCL Claim Otherwise Fails As A Matter Of Law (Count I) ...............14

        1. Plaintiff Has Failed To Allege Any "Unfair" Acts Under the UCL ..........15

        2. Plaintiff Does Not Allege Any "Unlawful" Act by Apple .......................16

    C. Plaintiff Has Not Stated a Claim for Breach of Express Warranty (Count III) .....17

        1. Plaintiff Has Failed to State a Claim for Breach of Express Warranty Because the Limited Warranty On Which He Relies Had Expired...........18

        2. Apple's "Materials and Workmanship" Warranty Does Not Warrant Against the Purported Defect.......................................18

    D. Plaintiff has Not Stated a Claim for Breach of Implied Warranty (Count IV) .....19

        1. Apple Disclaimed All Implied Warranties and Limited the Duration of Any Implied Warranties Not Disclaimed to One Year.........................19

        2. Plaintiff Has Not Alleged Sufficient Facts to Establish His Claim that Apple Breached the Implied Warranty of Merchantability ...............21

E.    Plaintiff's Magnuson-Moss Warranty Act Claim (Count V) Fails with His State Law Warranty Claims ................................................22

F.    Plaintiff's Unjust Enrichment Claim (Count VI) Fails Under California and Colorado Law.......................................................22

1.    Unjust Enrichment is Not an Independent Cause of Action in California ...................................................................23

2.    Equitable Relief is Not Available Under Colorado Law When There Is Adequate Legal Remedy....................................23

G.    Plaintiff Lacks Standing to Seek Injunctive Relief................................24

V.    CONCLUSION...........................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004)................................................................................4

*Arena Rest. & Lounge LLC v. S. Glazer's Wine & Spirits, LLC*,
   No. 17-CV-03805-LHK, 2018 WL 1805516 (N.D. Cal. April 16, 2018)..........................16, 17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................4

*Baba v. Hewlett-Packard Co.*,
   No. C 09-05946 RS, 2011 WL 317650 (N.D. Cal. Jan. 28, 2011)..........................................11

*Backhaut v. Apple, Inc.*,
   74 F. Supp. 3d 1033 (N.D. Cal. 2014).....................................................................16

*Bates v. United Parcel Serv., Inc.*,
   511 F.3d 974 (9th Cir. 2007)...........................................................................24, 25

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................4, 10

*Berenblat v. Apple, Inc.*,
   Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) .....11

*Bly–Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001)............................................................................10

*Bouyer v. Countrywide Bank, FSB*,
   No. C 08-5583 PJH, 2009 WL 799398 (N.D. Cal. Mar. 24, 2009)...........................................8

*Bros. v. Hewlett-Packard Co.*,
   No. C-06-02254 RMW, 2007 WL 485979 (N.D. Cal. Feb. 12, 2007)......................................19

*Bush v. Am. Motors Sales Corp.*,
   575 F. Supp. 1581 (D. Colo. 1984) ......................................................................20

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999)................................................................................14, 15, 16

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
   598 F.3d 1115 (9th Cir. 2010)............................................................................5

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011)............................................................................25

*Cipollone v. Liggett Grp., Inc.*,
   505 U.S. 504 (1992) ..................................................................................................17

*City of Los Angeles v. Lyons*,
   416 U.S. 95 (1983) ....................................................................................................25

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013) ..................................................................................................25

*Clark v. LG Elecs. U.S.A., Inc.*,
   No. 13-CV-485 JM (JMA), 2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) ...............19

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ..................................................................................22

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal.App.4th 824, 51 Cal.Rptr.3d 118 (2006) .........................................8, 9, 22

*Davidson v. Apple, Inc.*,
   No. 16-CV-04942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ........... passim

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018).....................................................................................25

*Drum v. San Fernando Valley Bar Ass'n*,
   182 Cal. App. 4th 247 (2010) ....................................................................................16

*Elias v. Hewlett-Packard Co.*,
   903 F. Supp. 2d 843 (N.D. Cal. 2012).................................................................9, 16

*Elias v. Hewlett-Packard Co.*,|
   950 F. Supp. 2d 1123 (N.D. Cal. 2013)..................................................8, 9, 12, 13

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011).....................................................................................4

*Grace v. Apple*,
   No. 17-CV-00551-LHK, 2018 WL 4468825 (N.D. Cal. Sept. 18, 2018) ...................6

*Graham Hydraulic Power, Inc. v. Stewart & Stevenson Power, Inc.*,
   797 P.2d 835 (Colo. App. 1990) ..........................................................................18, 20

*Great N. Ins. Co. v. Toto U.S.A., Inc.*,
   No. 15-CV-01120-RBJ, 2016 WL 4091177 (D. Colo. July 13, 2016) ......................21

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017).....................................................................15

*Haffner v. Stryker Corp.*,
   No. 14-CV-00186-RBJ, 2014 WL 4821107 (D. Colo. Sept. 29, 2014).....................21

*Herskowitz v. Apple Inc.*,
   940 F. Supp. 2d 1131 (N.D. Cal. 2013)...................................................................15

*Hodgers–Durgin v. de la Vina*,
   199 F.3d 1037 (9th Cir. 1999)..........................................................................25

*Hodges v. Apple Inc.*,
   No. 13-CV-01128-WHO, 2013 WL 4393545 (N.D. Cal. Aug. 12, 2013)...........................8, 17

*Hoffman v. Colorado State Board of Assessment Appeals*,
   683 P.2d 783 (Colo. 1984) ...........................................................................24

*In re Adobe Systems Inc. Privacy Litigation*,
   66 F.Supp.3d 1197 (N.D. Cal. 2014)....................................................................4

*In re GlenFed, Inc. Sec. Litig.*,
   42 F.3d 1541 (9th Cir. 1994)............................................................................7

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010) ................................................................21

*In re Sony PS3 Other OS Litig.*,
   551 F. App'x 916 (9th Cir. 2014)......................................................................17

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*,
   754 F. Supp. 2d 1208 (C.D. Cal. 2010).................................................................18

*Interbank Invs., LLC v. Eagle River Water and Sanitation Dist.*,
   77 P.3d 814 (Colo. App. 2003) .......................................................................24

*Janke v. Brooks*,
   No. 11-CV-00837-REB-BNB, 2012 WL 1229891 (D. Colo. Apr. 11, 2012) ........................22

*Jogani v. Superior Court*,
   165 Cal. App. 4th 901 (2008)..........................................................................23

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)........................................................................5, 7

*Marcus v. Apple Inc.*,
   No. C 14-03824 WHA, 2015 WL 151489 (N.D. Cal. Jan. 8, 2015)..................................21

*Markel Am. Ins. Co. v. Pac. Asian Enterprises, Inc.*,
   No. C-07-5749 SC, 2008 WL 2951277 (N.D. Cal. July 28, 2008).................................10

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012)...........................................................................6

*McKell v. Wash. Mut., Inc.*,
   142 Cal. App. 4th 1457 (2006)........................................................................16

*Minkler v. Apple, Inc.*,
 65 F. Supp. 3d 810 (N.D. Cal. 2014).................................................................20

*Mocek v. Alfa Leisure, Inc.*,
 114 Cal. App. 4th 402 (2003)...........................................................................21

*Moore v. Apple, Inc.*,
 73 F. Supp. 3d 1191 (N.D. Cal. 2014).............................................5, 14, 16, 17

*Moore v. Apple, Inc.*,
 73 F. Supp. 3d at 1197........................................................................................5

*Morici v. Hashfast Technologies LLC*,
 No. 5:14-CV00087-EJD, 2015 WL 906005 (N.D. Cal. Feb. 27, 2015)..................11

*Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc.*,
 821 P.2d 788 (Colo. 1991) ................................................................................23

*O'Neil v. Int'l Harvester Co.*,
 40 Colo. App. 369 (1978)..................................................................................20

*Oestreicher v. Alienware Corp.*,
 544 F.Supp.2d 964 (N.D. Cal. 2008)................................................................12

*Palmer v. Apple Inc.*,
 No. 5:15-cv-05808-RMW, 2016 WL 1535087 (N.D. Cal. Apr. 15, 2016)..............8

*Phillips v. Apple Inc.*,
 No. 15-CV-04879-LHK, 2016 WL 5846992 (N.D. Cal. Oct. 6, 2016) ..................25

*Provencio v. Armor Holdings, Inc.*,
 No. CVF-07-00651 AWI TAG, 2007 WL 2814650 (E.D. Cal. Sept. 25, 2007)......10

*Punian v. Gillette Co.*,
 No. 14-CV-05028-LHK, 2015 WL 4967535 (N.D. Cal. Aug. 20, 2015) ..........12, 23

*Punian v. Gillette Co.*,
 No. 14-CV-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ........ passim

*Rasmussen v. Apple Inc.*,
 27 F. Supp. 3d 1027 (N.D. Cal. 2014)...........................................................8, 12

*Rudd v. Borders, Inc.*,
 No. 09CV832 BTM (NLS), 2009 WL 4282013 (S.D. Cal. Nov. 25, 2009) ..........17

*Sanders v. Apple Inc.*,
 No. C 08–1713, 2009 WL 150950 (N.D. Cal. Jan. 21, 2009)..............................23

*Shroyer v. New Cingular Wireless Servs., Inc.*,
 622 F.3d 1035 (9th Cir. 2010)..........................................................................17

*Smith v. Ford Motor Co.*,
   749 F. Supp. 2d 980 (N.D. Cal. 2010), aff'd, 462 F. App'x 660 (9th Cir. 2011) ................9, 14

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007)..................................................................................................4, 7

*Szaloczi v. John R. Behrmann Revocable Tr.*,
   90 P.3d 835 (Colo. 2004) ...........................................................................................................23

*Taylor Morrison of Colo. v. Bemas Constr.*,
   Case No. 10-CV-2032, 2012 Colo. Dist. LEXIS 1920 (D. Colo. May 31, 2012).....................18

*Tomek v. Apple Inc.*,
   636 F. App'x 712 (9th Cir. 2016).................................................................................................7

*Troup v. Toyota Motor Corp.*,
   545 F. App'x 668 (9th Cir. 2013)...............................................................................................18

*U.S. v. Lungwitz*,
   616 F.3d 993 (9th Cir. 2010)........................................................................................................5

*Vitt v. Apple Computer, Inc.*,
   469 F. App'x 605 (9th Cir. 2012).................................................................................................8

*W. Ridge Grp., LLC v. First Tr. Co. of Onaga*,
   414 F. App'x 112 (10th Cir. 2011).............................................................................................24

*Wang & Wang LLP v. Banco do Brasil, S.A.*,
   No. Civ. S–06–00761 DFL KJM, 2007 WL 915232 (E.D. Cal. Mar. 26, 2007) .....................17

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000)......................................................................................................5

*Wilson v. Hewlett–Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012).................................................................................................9, 13

*Yastrab v. Apple Inc.*,
   173 F. Supp. 3d 972 (N.D. Cal. 2016)........................................................................................16

*Zepeda v. PayPal, Inc.*,
   777 F. Supp. 2d 1215 (N.D. Cal. 2011)................................................................................23, 24

**Statutes**

18 U.S.C. § 2301(d)(1) ....................................................................................................................22

C.R.S. § 4-2-316 .............................................................................................................................21

Cal. Bus. & Prof. Code § 17200 .........................................................................................14, 15, 17

Cal. Civ. Code § 1791.1(c) ..............................................................................................................21

Cal. Com. Code § 2316(2) ................................................................................................20

Fed. R. Civ. P. 8 ...................................................................................................9, 12

Fed. R. Civ. P. 9(b) ...........................................................................................5, 9, 10

Fed. R. Civ. P. 12(b) ........................................................................................4, 5, 25

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION**

3

      Rather than oppose Apple's August 10, 2018 Motion to Dismiss, Plaintiff Kenneth Sciacca

4

filed the Amended Complaint.  But the gravamen of Plaintiff's claims against Apple, and insufficiency

5

of Plaintiff's allegations, has not changed.  Plaintiff still alleges that after purchasing his "Series 2"

6

Apple Watch (the "Watch") and using it for over fifteen months without issue, he noticed that the

7

screen of the Watch detached due to an unspecified defect (the "Defect") three months after the

8

expiration of the relevant express one-year limited warranty (the "Limited Warranty").  Plaintiff also

9

still alleges that he took the Watch into an Apple Store where he was told that the Watch did not suffer

10

from any warrantable damage, and thus, was not eligible for service under the warranty.  Based on his

11

alleged experience and online commentary from other customers, Plaintiff still theorizes that the Defect

12

exists in three different series of watches (the "Watches at Issue"), and asserts a litany of claims on

13

behalf of a purported nationwide class of current and former consumer owners of the Watches at Issue.

14

However, as with his original complaint, Plaintiff's claims are all precluded by the plain language of

15

the Limited Warranty, fail as a matter of law, and are unsupported by well-pleaded factual allegations.

16

      First, Plaintiff has failed to state claims under California's Unfair Competition ("UCL") (Count

17

I) and California Legal Remedies Act ("CLRA") (Count II).  Although his claims are grounded in

18

allegations of fraud, Plaintiff has not alleged facts satisfying the general pleading standard of Federal

19

Rules of Civil Procedure Rule 8(a)(2) ("Rule 8(a)(2)"), much less the heightened pleading

20

requirements of Federal Rules of Civil Procedure Rule 9(b) ("Rule 9(b)").  Plaintiff has not identified

21

any actionable affirmative misrepresentation by Apple upon which he read and/or relied upon in

22

purchasing the Watch, nor that any of Apple's affirmative representatives were false.  Nor has Plaintiff

23

identified the "Defect" Apple allegedly failed to disclose, much less facts establishing that Apple knew

24

of the unspecified "Defect" at the time Plaintiff purchased his Watch, or that it posed an unreasonable

25

safety issue.  Aside from failing to allege fraudulent conduct, Plaintiff's UCL claim is also deficient

26

because Plaintiff fails to allege any unlawful act by Apple—all of his claims are deficient—or any

27

conduct that could be deemed an "unfair" act or practice within the meaning of the UCL.

28

      Second, Plaintiff fails to plead a cause of action for any of his breach of warranty claims.  His

breach of express warranty claim (Count III) should fail because he did not assert the claim before expiration of the Limited Warranty and because the Limited Warranty does not cover design choices. Plaintiff's implied warranty claim (Count IV) should fail because Apple clearly disclaimed any implied warranty and limited any not-disclaimed implied warranty to one-year, as is permitted under both California and Colorado law.  Even if Apple did not disclaim and/or shorten any not disclaimed implied warranty, which it did, Plaintiff has failed to adequately allege that Apple breached the implied warranty of merchantability.  Consequently, Plaintiff's Magnuson-Moss Warranty Act claim (Count V) should be dismissed as it is derivative of his deficient state law breach of warranty claims.

Third, Plaintiff's unjust enrichment claim should also be dismissed because under both California and Colorado law, an unjust enrichment claim is not available where, as here, the subject is covered by an express contract; *i.e.*, the Limited Warranty.  Separately, under California law, unjust enrichment is not an independent cause of action, and under Colorado law, an unjust enrichment claim is not actionable where, as here, the law affords an adequate remedy.

Finally, Plaintiff's request for injunctive relief should be dismissed because Plaintiff lacks standing to seek injunctive relief.  He has not alleged plausible facts establishing that he could be misled in the future or that he desires or intends to buy an Apple Watch again.

For these reasons, and as further discussed below, Plaintiff's Amended Complaint should be dismissed in its entirety.

## II.    FACTUAL BACKGROUND

Plaintiff Kenneth Sciacca filed this action on June 4, 2018.  *See* Dkt. 1 (Compl.).  On August 10, 2018, Apple filed its Motion to Dismiss.  *See* Dkt. 21 (Motion to Dismiss).  Rather than oppose Apple's Motion to Dismiss, Plaintiff filed his Amended Complaint on August 31, 2018.  *See* Dkt. 28 (Am. Compl.).  In his Amended Complaint, Plaintiff alleges that he purchased a Series 2 Stainless Steel 38mm Apple Watch in Colorado on or about December 1, 2016.  Am. Compl. ¶ 47.  Plaintiff further alleges that, on or around March 9, 2018, over a year after he purchased and used his Watch, the screen of his watch "unexpectedly detached from the Watch's body, shortly after he removed the watch from its charger [.]"  *Id.* ¶ 48.  "In the following weeks," Plaintiff alleges he contacted a certified Apple Store about his watch.  *Id.*  According to Plaintiff, employees at the Apple Store "stated that they had

concluded" that the screen of his Watch had detached because of "non-warrantable damage"—and not because of a "swollen battery."[1]  *Id.*  As such, the Apple employees concluded that Plaintiff's Watch was not "covered under Apple's Limited Warranty" and "quoted him $249 to repair his Watch."  *Id.*  Plaintiff declined the offer to have his Watch repaired.  *Id.*  Plaintiff does not allege that he experienced any other issues with his watch during the prior fifteen months of using it.  Plaintiff also does not allege that he intends to purchase another Apple Watch anytime in the future.

Notably, the Amended Complaint acknowledges that "Apple provides a Limited Warranty for all purchasers of an Apple Watch, which covers the 'product against manufacturing defects beginning on the original purchase date,'" and "are the same for all Apple Watch models."[2]  Am. Compl. ¶¶ 34-35.  The Amended Complaint cites the relevant language of the Limited Warranty, which states:

> Apple . . . warrants the Apple-branded hardware product and Apple-branded accessories contained in the original packaging ("Apple Product") against defects in materials and workmanship when used normally in accordance with Apple's published guidelines for ***a period of ONE (1) YEAR from the date of original retail purchase by the end-user purchaser*** ("Warranty Period")."

Am. Compl. ¶ 35 (emphasis added).

The Limited Warranty also contains specific restrictions and disclaimers, stating, "Apple is not responsible for damage arising from failure to follow instructions relating to the Apple Product's use."  *Id.*  Similarly, the Limited Warranty also expressly excludes "damage caused by accident, abuse, misuse, fire, earthquake or other external cause . . . ."  *Id.*  It also states the following in a section entitled "WARRANTY LIMITATIONS SUBJECT TO CONSUMER LAW":

> TO THE EXTENT PERMITTED BY LAW, THIS WARRANTY AND THE REMEDIES SET FORTH ARE EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, REMEDIES AND CONDITIONS, WHETHER ORAL, WRITTEN, STATUTORY, EXPRESS OR IMPLIED. ***APPLE DISCLAIMS ALL STATUTORY AND IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION, WARRANTIES OF***

---

[1] Plaintiff makes reference to a purported acknowledgment by Apple of a "swelling battery defect in certain Series 2 Watches" and that "Apple extended its Limited Warranty from one year to three years for all 42mm-sized Series 2 Models with swollen batteries."  *See* Am. Compl. ¶¶ 6, 42, 48, 53.  But he concedes that the purported damage to his Apple Watch was not caused by or in any way related to the swollen battery issue.  *See* Am. Compl. ¶ 48 ("Store employees examined Sciacca's Watch and verified the issue, but told Sciacca that they had concluded that the Watch's screen detached because of 'non-warrantable damage,' rather than a swollen battery."), ¶ 53 ("Although Apple has acknowledged a swollen battery issue in certain First Generation Watches and Series 2 Watches, it has flatly refused to acknowledge the existence of the Defect . . . .").

[2] Plaintiff alleges that the "Limited Warranty is … two years for the Hermès and Edition models," Am. Compl. ¶ 34, but does not allege that his Watch is either of those models.

*MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE* AND WARRANTIES AGAINST HIDDEN OR LATENT DEFECTS, TO THE EXTENT PERMITTED BY LAW. IN SO FAR AS SUCH WARRANTIES CANNOT BE DISCLAIMED, APPLE LIMITS THE DURATION AND REMEDIES OF SUCH WARRANTIES TO THE DURATION OF THIS EXPRESS WARRANTY AND, AT APPLE'S OPTION, THE REPAIR OR REPLACEMENT SERVICES DESCRIBED BELOW.

*Id.* n.7 (emphasis added). (The Limited Warranty, https://www.apple.com/legal/warranty/products/ warranty-us.html).[3]

## III.   LEGAL STANDARD

### A.   Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A complaint must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff either fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory. *See id.* at 562-63.   A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).   The complaint must allege facts, which, if taken as true, raise more than a speculative right to relief.   *See Bell Atl. Corp.*, 550 U.S. at 555.   The Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted).   Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

---

[3]   The Limited Warranty also references the Apple Watch User Guide, available at: https://support.apple.com/guide/watch/important-safety-information-apdcf2ff54e9/watchos, which warns users: "Don't use a damaged Apple Watch, such as one with a cracked screen or case . . . as it may cause injury." This Court may consider the language of the Limited Warranty, which is specifically referenced and alleged in the Amended Complaint; and the User Guide, which is referenced in the Limited Warranty. *See Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607, at *4 (N.D. Cal. Mar. 15, 2016) ("the Court may consider on a Rule 12(b)(6) motion not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint 'necessarily relies' on the documents or contents thereof, the documents' authenticity is uncontested, and the documents' relevance is uncontested.") (internal citation omitted); *In re Adobe Systems Inc. Privacy Litigation*, 66 F.Supp.3d 1197, 1207 n. 2 (N.D. Cal. 2014) (Koh., J.) (taking judicial notice of an end user license agreement that was referenced in plaintiff's complaint and publicly available on Adobe's website); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (finding that the doctrine of incorporation by reference "prevent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based.").

1    Moreover, where a plaintiff alleges "a unified course of fraudulent conduct" and "rel[ies]

2 entirely on that course of conduct as the basis of that claim," the claim is grounded in fraud regardless

3 of the label of the claim, and Rule 9(b) applies.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th

4 Cir. 2009); *see also Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1198 (N.D. Cal. 2014) (Koh, J.).  Rule

5 9(b) requires that a claim grounded in fraud "state with particularity the circumstances constituting

6 fraud." Fed. R. Civ. P. 9(b).  To satisfy this heightened standard, "claims sounding in fraud must allege

7 'an account of the time, place, and specific content of the false representations as well as the identities

8 of the parties to the misrepresentations.'"  *Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2017 WL

9 976048, at *4 (N.D. Cal. Mar. 14, 2017) (Koh, J.) (internal citation omitted).  When asserting a fraud-

10 based claim, the plaintiff must also set forth "what is false or misleading about a statement, and why it

11 is false."  *Id.* (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)); *see also*

12 *Kearns*, 567 F.3d at 1124 ("A party alleging fraud must set forth *more* than the neutral facts necessary

13 to identify the transaction.") (internal quotation marks omitted) (emphasis in original).

14    **B.    Motion to Dismiss Under Rule 12(b)(1)**

15    The "case or controversy" requirement of Article III of the U.S. Constitution limits federal

16 courts' subject matter jurisdiction by requiring, *inter alia*, that every plaintiff have standing and that

17 claims be "ripe" for adjudication.  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121

18 (9th Cir. 2010).  A challenge to a plaintiff's Article III standing is properly raised under Federal Rule

19 of Civil Procedure 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Once a party has

20 moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears

21 the burden of establishing the court's jurisdiction.  *See Chandler*, 598 F.3d at 1122.  A motion to

22 dismiss should be granted if the complaint on its face fails to allege facts sufficient to establish subject

23 matter jurisdiction.  *See Moore v. Apple, Inc.*, 73 F. Supp. 3d at 1197.

24    **C.    Governing Law**

25    Three of the claims in the Amended Complaint allege violations of state and federal statutes

26 (Counts I, II, and V); therefore, Apple evaluates those claims under the asserted statutes and associated

27 case law.  The common law breach of express warranty, breach of implied warranty, and unjust

28

1   enrichment claims, however, pose a choice of law issue.[4]  Plaintiff, a citizen of Colorado, asserts his

2   unjust enrichment claim on behalf of a purported Colorado subclass, and asserts his breach of express

3   and implied warranty claims on behalf of a purported nationwide class.  In a putative class action

4   involving non-California residents, such as here, the Ninth Circuit requires that a district court conduct

5   a rigorous choice of law analysis and has instructed that California law may only be applied to non-

6   California residents where "the interests of other states are not found to outweigh California's interest

7   in having its law applied . . . ."  *See Davidson*, 2017 WL 976048, at *10 n.3 (quoting *Mazza v. Am.*

8   *Honda Motor Co., Inc.*, 666 F.3d 581, 590 (9th Cir. 2012)).  However, courts may, and frequently do,

9   defer conducting this choice of law analysis at the motion to dismiss stage.  *See id.*  In *Davidson*, this

10  Court deferred the choice of law inquiry "until a later stage of the proceeding, when it has been properly

11  briefed by the parties and when the facts of this case have been more fully developed."  *Id.* (internal

12  citation omitted).  Therefore, for the limited purpose of this Motion to Dismiss, Apple evaluates the

13  sufficiency of Plaintiff's common law claims for breach of express warranty, breach of implied

14  warranty, and unjust enrichment under the law of both California and Colorado.[5]  As fully set forth

15  below, Plaintiffs' claims fail as a matter of law and should be dismissed regardless of whether the

16  Court applies California or Colorado law.

17  **IV.   ARGUMENT**

18      **A.   Plaintiff's Fraud-Based Claims under the UCL (Count I) and CLRA (Count II)
            Should Be Dismissed**

19

20      In support of his UCL and CLRA claims, Plaintiff alleges that Apple "knowingly and

21  intentionally concealed material facts" by "failing to disclose the Defect present in the Watches and by

22

---

23  [4] The Limited Warranty does not specify the applicable state law.  *See* Am. Compl. ¶ 35, n.7

24  [5] Although Plaintiff's common law claims fail under both California and Colorado law, there is still a
    conflict of law issue should any of them survive the motion to dismiss stage.  Apple reserves all of its
    arguments that the differences between California law and laws of the other jurisdictions in which the
25  proposed Colorado and nationwide class members reside are material and should preclude class
    certification.  *See Mazza v. Am. Honda Motor Co.*, 666 F.3d at 596 (finding that because "the law of
26  multiple jurisdictions applies here to any nationwide class of purchasers or lessees of Acuras . . .
    variances in state law overwhelm common issues and preclude predominance for a single nationwide
27  class."); *see also Grace v. Apple*, No. 17-CV-00551-LHK, 2018 WL 4468825, at *17 (N.D. Cal. Sept.
    18, 2018) ("because adjudication of the nationwide claims will require application of the laws of 50
28  states, common questions of law would not predominate for the proposed nationwide class, as is
    required by Rule 23(b)(3).") (internal citation omitted).

1   failing to disclose the repair or replacement costs . . . ."  *See* Am. Compl. ¶¶ 71, 89.  Thus, Plaintiff's

2   UCL and CLRA claims are necessarily grounded in fraud, and Plaintiff was required to satisfy the

3   heightened pleading requirements under Rule 9(b).  *See Tomek v. Apple Inc.*, 636 F. App'x 712, 713

4   (9th Cir. 2016) ("Rule 9(b) applies to UCL and CLRA claims grounded in fraud.") citing *Kearns*, 567

5   F.3d at 1125-1127.  Yet, Plaintiff has failed to do so.

6   **1.     Plaintiff Has Failed To Allege An Actionable Misrepresentation**

7        To state a claim for fraud, a plaintiff must allege the "who, what, when, where, and how" of

8   the alleged misrepresentation.  *Kearns*, 567 F.3d at 1124; *accord Swartz v. KPMG LLP*, 476 F.3d 756,

9   764 (9th Cir. 2007) (per curiam) (Rule 9(b) requires a plaintiff to allege "an account of the 'time, place,

10  and specific content of the false representations as well as the identities of the parties to the

11  misrepresentations'").  Importantly, "[a] plaintiff must set forth ***what is false or misleading about a***

12  ***statement, and why it is false***."  *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607,

13  at *4 (N.D. Cal. Mar. 15, 2016) (Koh, J.) (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548

14  (9th Cir. 1994)) (emphasis added).

15       Here, Plaintiff alleges that at some unspecified time "[p]rior to purchasing his Watch," he

16  "examined promotional content regarding Series 2 Watches on Apple's website" which "contained

17  numerous statements such as . . . 'Apple Watch Series 2 is the perfect partner for a healthy life . . . .

18  Apple Watch Series 2 with built-in GPS lets you leave your iPhone at home when you go for a run or

19  ride—and still measure your workout accurately . . . ."  Am. Compl. ¶46.  These allegations are

20  insufficient for at least three reasons:

21       First, these vague allegations are nowhere close to the specificity required under Rule 9(b) of

22  the "who, what, when, where, and how" of the alleged misrepresentation.  Indeed, it is unclear whether

23  Plaintiff actually read and relied upon the statements quoted in the Amended Complaint or whether

24  those statements are merely examples of the types of promotional content purportedly available on

25  Apple's website.  *Davidson*, 2017 WL 976048, at *8 ("In the absence of any allegations that Plaintiff[]

26  encountered a representation made by Defendant—let alone what those representations were, when

27  they were made, and why they were false—Plaintiff[] [has] failed to plead with particularity any

28  affirmative misrepresentation claim.").

1    Second, to the extent Plaintiff had actually read these specific statements, Plaintiff does not

2    allege—nor can he—that any of these statements—*e.g.*, that Series 2 Watches are "[f]ull of features

3    that help you stay active, motivated, and connected"—are false, much less why any of them is false.

4    *Punian*, 2016 WL 1029607, at *4; *Palmer v. Apple Inc.*, No. 5:15-cv-05808-RMW, 2016 WL 1535087,

5    at *5 (N.D. Cal. Apr. 15, 2016) (holding that a plaintiff's allegations were insufficient to state a claim

6    under Rule 9(b) where the plaintiff did not allege …"how those statements were false"). *Bouyer v.*

7    *Countrywide Bank, FSB*, No. C 08-5583 PJH, 2009 WL 799398, at *2 (N.D. Cal. Mar. 24, 2009)

8    (dismissing plaintiffs' fraud claim for, *inter alia,* failure to plead facts regarding "how any

9    misrepresentation was false or misleading, how it induced reliance, or how it was material.").

10    Third, courts have repeatedly found the same types of promotional statements to be non-

11    actionable.  *See Vitt v. Apple Computer, Inc.*, 469 F. App'x 605, 607 (9th Cir. 2012) (finding statement

12    that Apple laptop is (1) "mobile," (2) "durable," (3) "portable" (4) "rugged" (5) "built to withstand

13    reasonable shock" or (6) "reliable" to be non-actionable); *Hodges v. Apple Inc.,* No. 13-CV-01128-

14    WHO, 2013 WL 4393545, at *3-4 (N.D. Cal. Aug. 12, 2013) (finding representation that an Apple

15    laptop has "the world's most advanced notebook display" to be nonactionable); *Rasmussen v. Apple*

16    *Inc.*, 27 F. Supp. 3d 1027, 1043 (N.D. Cal. 2014) (Koh., J) (dismissing CLRA and UCL claims based

17    on affirmative misrepresentation because "[p]laintiff has simply not alleged that Apple made any

18    misrepresentations about specific or absolute characteristics of the [alleged defective computer screen]

19    that would constitute an actionable statement.").

20    Accordingly, Plaintiff has failed to state any claims for affirmative misrepresentation under the

21    CLRA or the fraudulent prong of the UCL.

22    ### 2.    Plaintiff Has Failed To Allege An Actionable Omission

23    "For an omission to be actionable under the CLRA and UCL, the omission must be contrary to

24    a representation actually made by the defendant, or an omission of a fact the defendant was obliged to

25    disclose."  *Elias v. Hewlett-Packard Co*., 950 F. Supp. 2d 1123, 1134 (N.D. Cal. 2013) ("*Elias II*")

26    (Koh, J.) (quoting *Daugherty v. Am. Honda Motor Co.*, 144 Cal.App.4th 824, 835, 51 Cal.Rptr.3d 118

27    (2006).  A duty to disclose arises:  "(1) when the defendant is in a fiduciary relationship with the

28    plaintiff; (2) when the defendant had exclusive knowledge of material facts not known or reasonably

1    accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff;

2    and (4) when the defendant makes partial representations but also suppresses some material fact." *Id.*

3           As a threshold matter, "under the CLRA and UCL, plaintiffs must sufficiently allege that a

4    defendant was aware of a defect at the time of sale to survive a motion to dismiss." *Elias II.*, 950 F.

5    Supp. 2d at 1134 (internal citation omitted); *see also Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136,

6    1146 n.5 (9th Cir. 2012)("[T]he failure to disclose a fact that a manufacturer does not have a duty to

7    disclose, *i.e.*, a defect of which it is not aware, does not constitute an unfair or fraudulent practice.");

8    *see also Punian*, 2016 WL 1029607, at *10 ("[a]s a threshold matter, Plaintiff must aver (1) the

9    existence of a material fact (2) of which Defendant was aware."). Moreover, "for defects that manifest

10   after the expiration of a product's warranty period, courts have also required the defect to pose a safety

11   concern before finding a duty to disclose." *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 856

12   (N.D. Cal. 2012) (Koh, J.); *see also Elias II.*, 950 F. Supp. 2d at 1135 ("for omission-based claims

13   outside of the warranty period, "[a] manufacturer's duty to consumers is limited to . . . [an] affirmative

14   misrepresentation or a safety issue.") (citing *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980,  988 (N.D.

15   Cal. 2010)).

16          As set forth below, Plaintiff has not stated an omission claim because he has not identified the

17   purported "Defect" that Apple allegedly failed to disclose. Moreover, Plaintiff has not alleged

18   sufficient facts to establish Apple's awareness of the purported "Defect" at the time Plaintiff bought

19   his Watch or that the purported "Defect" caused any unreasonable safety concern.

20                  **a.      Plaintiff Has Failed To Identify the Purported Defect**

21          As an initial matter, Plaintiff's omission-based UCL and CLRA claims should be dismissed

22   because Plaintiff fails to allege how or why the Watches at Issue are defective. Plaintiff's sole

23   allegation that the Apple "Watches all contain the same defect and/or flaw, which causes the screens

24   on the Watches to crack, shatter, or detach from the body" is the type of allegation courts have found

25   lacks the requisite specificity under Rule 9(b), as well as under the even less stringent standard of Rule

26   8. *See Punian* , 2016 WL 1029607, at *11 ("Plaintiff cites no case—and the Court is aware of none—

27   where a court has found that such an unspecified potential to fail suffices to allege a material product

28   defect."); *see also Markel Am. Ins. Co. v. Pac. Asian Enterprises, Inc.*, No. C-07-5749 SC, 2008 WL

2951277, at *6 (N.D. Cal. July 28, 2008) (noting that, among other deficiencies, Plaintiff had failed to identify "what the defect is"; and therefore "[e]ven under the liberal pleading standards of Federal Rule of Civil Procedure 8(a), [Plaintiff's] allegations are simply insufficient."); *see also Provencio v. Armor Holdings, Inc.*, No. CVF-07-00651 AWI TAG, 2007 WL 2814650, at *2 (E.D. Cal. Sept. 25, 2007) (holding that the complaint fell short of the *Bell Atlantic* requirements, in part because "Plaintiff does not, for example, allege how or why the product was allegedly defective, nor does he allege how or why the product was negligently designed and manufactured.").

In *Punian v. Gillette Co.*, the plaintiff alleged that Defendant's batteries were defective because they had the "potential to fail, leak and/or damage Plaintiff's electronics." 2016 WL 1029607, at *11. This Court held that this general allegation failed to identify the particular defect to comply with Rule 9(b)'s heightened pleading requirements. *Id.* Specifically, this Court noted that "although Plaintiff alleges that leakage is a 'defect' in Duralock Batteries, Plaintiff does not allege that leakage is the result of any systematic design, technical, manufacturing, or other flaw present in all Duralock Batteries" and "does not further describe Duralock Batteries' 'potential to fail, leak, and/or damage Plaintiff's electronics.'" *Id.* This Court, thus, found that the plaintiff failed to plausibly allege a defect. *Id.*

Here, as in *Punian*, the Amended Complaint does not actually identify what the purported "Defect" is, but instead baldly theorizes that some unspecified "defect ***and/or flaw*** . . . causes the screens on the Watches to crack, shatter, or detach from the body of the Watch." *See* Am. Compl. ¶ 3 (emphasis added). Indeed, despite the opportunity to amend his pleading, Plaintiff identifies no particular deficiency in the design or manufacture of the Watches at Issue. At most, all the Amended Complaint reveals is that the alleged cracking, shattering, and/or detaching of the screen could have been the result of various possible causes, including consumer misuse. In fact, his own pleading suggests that Plaintiff himself does not know what actually caused his screen to allegedly detach. Am. Compl. ¶ 48. Unable to identify any purported defect, Plaintiff should not be allowed to proceed past the motion to dismiss stage and engage in expensive and intrusive discovery in search of a defect to support of his omission theory. *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (requirements of Rule 9(b) serve "'to deter the filing of complaints as a pretext for the discovery of unknown wrongs . . . and to prohibit plaintiffs from unilaterally imposing upon the court, the parties

1    and society enormous social and economic costs absent some factual basis'''); *Morici v. Hashfast*

2    *Technologies LLC*, No. 5:14-CV00087-EJD, 2015 WL 906005, at *3 (N.D. Cal. Feb. 27, 2015)

3    (heightened pleading "'requires the plaintiff to conduct a precomplaint investigation in sufficient depth

4    to assure that the charge of fraud is responsible and supported, rather than defamatory and

5    extortionate'"). Thus, Plaintiff's omission claims should be dismissed as Plaintiff has not alleged any

6    defect that Apple failed to disclose.

7         **b.**  **Plaintiff Has Failed to Allege Apple's Knowledge of a Defect**

8       Even if Plaintiff had sufficiently identified a purported undisclosed defect, Plaintiff's omission-

9    based claims still would fail because he has not sufficiently alleged Apple's knowledge of the purported

10   defect prior to December 2016.  Indeed, like his original complaint, Plaintiff's Amended Complaint

11   does not allege plausible facts establishing that Apple knew of the purported Defect at the time of sale

12   of his Apple Watch.  Instead, it still speculates that Apple "either knew, ***or should have known***, that

13   the Watches contain the Defect" (Am. Compl. ¶ 8 (emphasis added)), pointing to purported complaints

14   by other Apple customers.  *See, e.g., id.* ¶¶ 4, 8, 41, 53.

15      Indeed, despite a preview of Apple's arguments, the Amended Complaint added only five

16   additional customer complaints, which neither individually nor collectively establish knowledge by

17   Apple of the purported Defect at the time Plaintiff purchased his Watch in December 2016.  In fact, of

18   the twenty-one total alleged customer complaints, only five were posted before Plaintiff's December

19   2016 purchase of the Apple Watch.  And notably, none of these five complaints specify the model of

20   the watch and thus, it is unclear whether any of these complaints are about the Watches at Issue (as

21   opposed to the First Generation (Series 0), which Plaintiff no longer alleges contain the purported

22   Defect).  *See* Am. Compl. ¶¶ 1, 24, 25, 50.  Thus, these five complaints are insufficient to establish

23   Apple's knowledge for purposes of Plaintiff's omission-based claim.  *See, e.g., Berenblat v. Apple,*

24   *Inc.*, Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010)

25   (complaints posted on the defendant's website were insufficient to show that the defendant had

26   knowledge of an alleged defect); *Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2011 WL 317650,

27   at *3 (N.D. Cal. Jan. 28, 2011) ("Awareness of a few customer complaints . . . does not establish

28   knowledge of an alleged defect."); *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 WL 4967535,

1    at *10 (N.D. Cal. Aug. 20, 2015) ("Even under the less stringent standard of Rule 8, the Court finds

2    that Plaintiff does not sufficiently allege knowledge of any product defect on the part of Defendants.

3    Plaintiff's sole allegation regarding Defendants' knowledge of a defect is that consumers filed

4    'numerous complaints' with Defendants."); *Oestreicher v. Alienware Corp.*, 544 F.Supp.2d 964, 974

5    n.9 (N.D. Cal. 2008) ("Random anecdotal examples of disgruntled customers posting their views on

6    websites at an unknown time is not enough to impute knowledge upon defendants.  There are no

7    allegations that Alienware knew of the customer complaints at the time plaintiff bought his

8    computer.").  For this reason as well, Plaintiff's omission-based claims should be dismissed.[6]

9                          **c.      Plaintiff Has Failed To Allege a Safety Issue**

10                   Even if Plaintiff could identify a defect and allege sufficient facts to establish that Apple knew

11   of the purported Defect before Plaintiff purchased his Apple Watch, Plaintiff's omission-based claims

12   should still fail because he has not alleged sufficient facts to establish a duty to disclose.  Because

13   Plaintiff's claim is brought after the expiration of the Limited Warranty and because he was unable to

14   allege an affirmative misrepresentation (*see supra* Section IV(A)(1)), Plaintiff's omission-based claims

15   are only actionable if he is able to establish a duty to disclose based on an unreasonable safety hazard.

16   *See Wilson*, 668 F.3d at 1141-42 (9th Cir. 2012) (". . . a manufacturer's duty to consumers is limited

17   to its warranty obligations absent either an affirmative misrepresentation or a safety issue.") (internal

18   citation omitted); *Rasmussen v. Apple Inc*., 27 F. Supp. 3d at 1034  (Koh, J.) ("Courts have asserted

19   that policy considerations support the narrowing of a manufacturer's duty to disclose in these

20   circumstances . . . . 'to broaden the duty to disclose beyond safety concerns would eliminate term limits

21   on warranties, effectively making them perpetual or at least for the useful life of the product.'")

22   (internal citation omitted); *Elias v. Hewlett-Packard Co*., 950 F. Supp. 2d at 1135 ("When 'a plaintiff's

23

---

24   [6] While the Amended Complaint includes a new allegation that "Apple was keenly aware of the
     problem with the Watches" because "Apple extended its Limited warranty for its First Generation
25   Watches to address the issue" (Am. Compl. ¶ 40), this allegation is defeated by Plaintiff's admission
     that the First Generation Watch does not contain the Defect.  Indeed, Plaintiff excluded the First
26   Generation Watches from those that suffer from the purported Defect.  *See* Am. Compl. ¶ 1 ("Plaintiff
     brings this action . . . for the benefit and protection of all current and former owners of the Second
27   Generation ("Series 1" and "Series 2"), and Third Generation ("Series 3") models of the Apple Watch
     ("Watch" or "Watches") purchased in the United States.), ¶ 3 ("The Watches all contain the same
28   defect and/or flaw, which causes the screens on the Watches to crack, shatter, or detach from the body
     of the Watch (the "Defect")).

1    claim is predicated on a manufacturer's failure to inform its customers of a product's likelihood of

2    failing outside the warranty period, the risk posed by such asserted defect cannot be 'merely' the cost

3    of the product's repair . . . rather, for the omission to be material, the failure must pose 'safety

4    concerns.'") (internal citation omitted).  To establish a duty to disclose based on a safety issue, a

5    plaintiff must allege, at a minimum, an instance of physical injury or a safety concern as well as a

6    "sufficient nexus" between the alleged defect and the safety issue.  *Wilson*, 668 F.3d at 1143–44.

7    In *Wilson*, plaintiffs alleged that defendant had concealed a design defect within their laptop

8    computers that both manifested after the warranty expired and created an unreasonable safety hazard

9    in violation of the CLRA and UCL.  Specifically, plaintiffs alleged that a defect in a laptop's design

10   weakened the connection between the power jack and the motherboard, and that this defect caused

11   laptops to ignite.  *Id.*  The Ninth Circuit acknowledged that the possibility of a laptop igniting

12   constituted a safety hazard, but held that plaintiffs did not allege a sufficient nexus between the

13   purportedly defective power jack and the possibility of plaintiffs' laptops igniting.  *Id.*  ("As Plaintiffs

14   do not plead any facts indicating how the alleged design defect, i.e., the loss of the connection between

15   the power jack and the motherboard, causes the Laptops to burst into flames, the District Court did not

16   err in finding that Plaintiffs failed to plausibly allege the existence of an unreasonable safety defect.").

17   Similarly, in *Elias II*, 950 F.Supp.2d at 1136–37, this Court found that the plaintiff had failed

18   to establish a sufficient nexus demonstrating "that due to the insufficient power supply, [the

19   defendant's] computers were more likely to 'overheat, short out, melt and catch fire, creating a

20   significant safety risk.'"  Specifically, this Court held the plaintiff failed to explain how a lack of power

21   supply could subsequently cause a computer fire:

22       Plaintiff has failed to establish a sufficient nexus between the alleged deficient power
         supplies and 'catching fire' or 'melting.'  Plaintiff claims that an inadequate power supply

23       may send "voltage surges" through the computer, and then makes a hypothetical
         proposition that his computer was thus more likely to "catch fire." SAC ¶¶ 3, 81.

24       However, ***Plaintiff does not cite to any facts beyond his own hypotheticals and
         conjectures to show a nexus between the allegedly deficient power supply, voltage***

25       ***surges, and fires***. Such a cursory reference does not establish a sufficient nexus between
         the alleged defect and safety hazard, and does not impart HP with a duty to disclose.

26

     *Id.* at 1137 (emphasis added).

27

28   Here, Plaintiff's allegations are even more deficient than those rejected in *Wilson* and *Elias*.

     Plaintiff alleges in conclusory fashion, with no supporting facts, that "[t]he Defect also poses a

significant safety hazard to consumers, as it has caused a number of putative Class members to suffer cuts and burns in connection with the screens cracking, shattering and/or detaching from the body of the Watches."  Am. Compl. ¶ 9.  But Plaintiff has not even alleged what the unspecified purported "Defect" is (*see supra* Section IV(A)(2)(a)), much less facts establishing that the unspecified "Defect" causes the screens to "crack, shatter or detach," or facts establishing how the "cracking, shattering and/or detaching" of the screens caused any alleged cuts and burns to any purported class members.[7] Indeed, Plaintiff's cursory and conclusory allegations are not grounded in any facts and fail to plausibly establish the "sufficient nexus" between the unspecified "Defect" and the alleged safety hazard.  *See Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 991 (N.D. Cal. 2010), *aff'd*, 462 F. App'x 660 (9th Cir. 2011) (dismissing CLRA claim where "dangers envisioned by plaintiffs [were] speculative in nature ... deriving [from] the driver's individual circumstances.").

Plaintiff's omission-based claims thus fail for the additional reason that the Amended Complaint does not plead sufficient facts to trigger a duty to disclose.  *See*, *e.g.*, *Oestreicher*, 544 F. Supp. 2d at 969, 973 (dismissing, with prejudice, UCL and CLRA claims because computer manufacturer had no duty to disclose alleged defect); *Daugherty*, 144 Cal. App. 4th at 840 (affirming dismissal of UCL and CLRA claims where alleged facts were insufficient to give rise to a duty to disclose).

**B.    Plaintiff's UCL Claim Otherwise Fails As A Matter Of Law (Count I)**

The UCL provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ."  Cal. Bus. & Prof. Code § 17200.  "California's UCL provides a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent."  *Moore v. Apple, Inc.*, 73 F. Supp. 3d at 1204.  "Although the unfair competition law's scope is sweeping, it is not unlimited."  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

---

[7] Plaintiff also cannot establish a sufficient nexus between the purported Defect and any unreasonable safety hazard because Apple expressly instructs users that continued use of a damaged Apple Watch, such as one with a cracked screen, may cause injury.  *See* Apple Watch User Guide, available at: https://support.apple.com/guide/watch/important-safety-information-apdcf2ff54e9/watchos   ("Don't use a damaged Apple Watch, such as one with a cracked screen or case, visible liquid intrusion, or a damaged band, as it may cause injury.").

1       Here, Plaintiff parrots the statute in alleging that Apple's "business practices . . . constitute

2   unlawful, unfair, and fraudulent business practices in violation of California Business & Professions

3   Code §§ 17200, *et seq*." Am. Compl. ¶ 68. Yet, not only has Plaintiff failed to sufficiently plead the

4   UCL's "fraudulent" prong as set forth above (*see supra* Section IV (A)), but he has also failed to

5   sufficiently allege any predicate "unlawful" or "unfair" conduct" by Apple.

6          **1.     Plaintiff Has Failed To Allege Any "Unfair" Acts Under the UCL**

7       Plaintiff vaguely alleges that Apple's purported conduct is "unfair" within the meaning of the

8   UCL, but the Complaint is wholly devoid of specific factual allegations on the subject. Although the

9   UCL does not define the term "unfair," California courts have developed at least two tests for

10  "unfairness" within the meaning of the statute: "(1) the tethering test, which requires that the public

11  policy which is a predicate to a consumer unfair competition action under the unfair prong of the UCL

12  must be tethered to specific constitutional, statutory, or regulatory provisions, . . . and (2) the balancing

13  test, which examines whether the challenged business practice is immoral, unethical, oppressive,

14  unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the

15  defendant's conduct against the gravity of the harm to the alleged victim . . . ." *Herskowitz v. Apple*

16  *Inc*., 940 F. Supp. 2d 1131, 1145–46 (N.D. Cal. 2013) (Koh, J.) (internal citations and quotations

17  omitted). Plaintiff does not state a claim under either test.[8]

18       Under the first test, Plaintiff must allege that Apple's purported conduct violated a public policy

19  that is "tethered" to specific constitutional, regulatory, or statutory provisions. *Id*. This "tethering" is

20  necessary because "[c]ourts may not simply impose their own notions of the day as to what is fair or

21  unfair." *Cel-Tech*, 20 Cal. 4th at 182, 185. Plaintiff does not purport to base his claim under the unfair

22  prong on any public policy.

23       The second test "examines whether the challenged business practice is 'immoral, unethical,

24  oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the

25  utility of the defendant's conduct against the gravity of the harm to the alleged victim.'" *Herskowitz*,

26

27

28

---

[8] This Court has acknowledged the possibility a third possible test, but observed that "California law is currently unsettled with regard to the standard applied to consumer claims under the unfair prong of the UCL" and that "[p]ending resolution of this issue by the California Supreme Court, the Ninth Circuit has approved the use of either the balancing or the tethering tests in consumer actions." *Hadley v. Kellogg Sales Co*., 243 F. Supp. 3d 1074, 1104 (N.D. Cal. 2017) (Koh, J.) (internal citation omitted).

1    940 F. Supp. 2d at 1145-46 (citing *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247,

2    257 (2010)) (citation and internal quotation marks omitted).  Under this test, courts weigh the benefit

3    of an alleged practice against the harm it causes to consumers.  *See Arena Rest. & Lounge LLC v. S.*

4    *Glazer's Wine & Spirits, LLC*, No. 17-CV-03805-LHK, 2018 WL 1805516, at *13 (N.D. Cal. Apr. 16,

5    2018) ("In determining whether a practice is unfair, California courts examine the practice's impact on

6    its alleged victim and balance that impact against the reasons, justifications, and motives of the alleged

7    wrongdoer.") (citing *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006)).  Further, where

8    the alleged "unfair" business practice is grounded in allegations of fraud, "the pleading must satisfy

9    the heightened standard of Rule 9(b)" in order to satisfy the "balancing test."  *Backhaut v. Apple, Inc.*,

10   74 F. Supp. 3d 1033, 1050-51 (N.D. Cal. 2014) (Koh, J.) (holding that plaintiff had failed to satisfy the

11   "balancing test" where Plaintiffs had "failed to plead the details of Apple's alleged fraudulent conduct

12   with sufficient particularity and failed to plead actual reliance . . . .").

13        Plaintiff makes conclusory allegations that Apple's conduct constitute unfair business practices

14   but fails to reference any established public policy that Apple's actions have violated.  Thus, without

15   sufficient allegations of wrongdoing, Plaintiff has not identified any conduct by Apple that is "immoral,

16   unethical, oppressive, unscrupulous or substantially injurious to consumers" and has failed to

17   adequately allege any "unfair" business practice by Apple.  *See Palmer*, 2016 WL 1535087, at *7

18   ("Without additional allegations of wrongdoing, it is hard to see how Apple's failure to disclose the

19   details of how the iPhone 5 switched off its Wi-Fi capability to improve battery life was 'immoral,

20   unethical, oppressive, or unscrupulous.'"); *see also Elias v. Hewlett-Packard Co*., 903 F. Supp. 2d at

21   858–59.

22                    **2.    Plaintiff Does Not Allege Any "Unlawful" Act by Apple**

23        An "unlawful" practice or act under the UCL is "anything that can properly be called a business

24   practice and that at the same time is forbidden by law."  *Yastrab v. Apple Inc*., 173 F. Supp. 3d 972,

25   977 (N.D. Cal. 2016) (citation omitted).  "[T]he UCL 'borrows violations of other laws and treats them

26   as unlawful practices" that are "independently actionable" under the statute.  *Moore*, 73 F. Supp. 3d at

27   1204 (citing *Cel-Tech*, 20 Cal. 4th at 180).  Importantly, this Court and others in the Ninth Circuit

28   regularly dismiss UCL claims where the plaintiff has not established a predicate violation of underlying

law.  *See, e.g., id.* at 1202; *Rudd v. Borders, Inc.*, No. 09CV832 BTM (NLS), 2009 WL 4282013, at *2 (S.D. Cal. Nov. 25, 2009) ("If a plaintiff cannot state a claim under the predicate law, however, [the UCL] claim also fails.").

As discussed in this Motion, Plaintiff has failed to allege any actionable claim against Apple.[9] Thus, Plaintiff has failed to adequately plead a violation of the "unlawful" prong.  *See Palmer*, 2016 WL 1535087, at *6; *see also Hodges v. Apple Inc.*, 2013 WL 4393545, at *6 ("Because [Plaintiff] fails to plead with particularity how Apple violated any statute, he also fails to adequately plead a violation under the UCL's 'unlawful' prong."); *Arena Rest. & Lounge*, 2018 WL 1805516, at *13 (dismissing UCL claim to the extent it is derivative of other claim dismissed in the same order).

### C.    Plaintiff Has Not Stated a Claim for Breach of Express Warranty (Count III)

A cause of action for breach of an express warranty is contractual in nature and, therefore, the terms of the warranty itself determine whether a plaintiff has stated an actionable claim.  *See, e.g., Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 525 (1992) ("A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty."); *see also In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 919 (9th Cir. 2014) (dismissing plaintiff's breach of express warranty claims because plaintiff failed to allege the "exact terms of the warranty").

Here, and as acknowledged in the Amended Complaint, the terms of the Limited Warranty specifically states that "Apple . . . warrants . . . against ***defects in materials and workmanship*** when used normally in accordance with Apple's published guidelines . . . ***for a period of ONE (1) Year from the date of original retail purchase*** by the end-user purchaser ("Warranty Period")."  *See* Am. Compl. ¶ 35, n.7 (emphasis added).  Moreover, the Limited Warranty expressly provides that this "warranty and the remedies set forth are ***exclusive*** and in lieu of all other warranties, remedies and conditions" and disclaims all other warranties, whether implied or express.  *See id.* (emphasis added).

As set forth in detail below, Plaintiff has not (and cannot) allege that the purported Defect

---

[9] Moreover, even if Plaintiff could state a claim for breach warranty, which he cannot, a breach of warranty standing alone does not qualify as an "unlawful, unfair or fraudulent business act or practice" for purposes of the UCL.  *See e.g., Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1043-44 (9th Cir. 2010) ("[A] common law violation such as breach of contract is insufficient" to support the unlawful prong of a UCL claim); *Wang & Wang LLP v. Banco do Brasil, S.A.*, No. Civ. S–06–00761 DFL KJM, 2007 WL 915232, at *4 (E.D. Cal. Mar. 26, 2007) ("[A]ll that remains is a naked claim for breach of contract, which, standing alone, is an insufficient basis for a § 17200 claim.").

occurred within one year after the date of purchase or that it was a defect "in materials and workmanship." Accordingly, Plaintiff's claim is futile and should be dismissed.

### 1. Plaintiff Has Failed to State a Claim for Breach of Express Warranty Because the Limited Warranty On Which He Relies Had Expired

Plaintiff's breach of express warranty claim (Count III) fails as a matter of law because he does not, and cannot allege that Apple failed to honor a warranty claim tendered during the one-year Warranty Period; and instead brought his claim after the expiration of the Limited Warranty. This Court has recognized the "general rule" that "an express warranty has no affect after the applicable time period has elapsed." *Davidson*, 2017 WL 976048, at *12 (internal citation omitted); *Taylor Morrison of Colo. v. Bemas Constr.*, Case No. 10-CV-2032, 2012 Colo. Dist. LEXIS 1920, at *18 (D. Colo. May 31, 2012) ("In order for a breach of warranty claim to be asserted, a claim must be made during the warranty period"). Standing alone, this warrants dismissal of the express warranty claim.

### 2. Apple's "Materials and Workmanship" Warranty Does Not Warrant Against the Purported Defect

Plaintiff's express warranty claim (Count III) also fails for the separate reason that the Limited Warranty only warrants "against defects in materials and workmanship" and Plaintiff does not allege plausible facts establishing a defect in the materials or workmanship of the Apple Watch. Indeed, in order to sufficiently plead an express warranty claim for a defect in materials and workmanship, a plaintiff needs to "*identify/explain how* the [product] either deviated from [defendant's] intended result/design or how the [product] deviated from other seemingly identical [product] models." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*, 754 F. Supp. 2d 1208, 1222 (C.D. Cal. 2010) (emphasis in original) (alterations in original); *see also Graham Hydraulic Power, Inc. v. Stewart & Stevenson Power, Inc.*, 797 P.2d 835 (Colo. App. 1990) (finding no breach of the express warranty because the warranty only protected against defects in materials or workmanship); *Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 669 (9th Cir. 2013) (finding that plaintiff "failed to adequately allege a materials or workmanship defect . . . . [because] [d]espite its scattered references to 'materials', the gravamen of the complaint is that the Prius's defect resulted from the use of resin to construct the gas tanks, which is a design decision."); *Davidson*, 2017 WL 976048, at *12 (dismissing express warranty claims because "the factual allegations in Plaintiffs'

1    [Complaint] evince only a design defect, rather than a defect in 'materials and workmanship,' Plaintiffs

2    have not stated a claim for breach of express warranty").

3         In *Davidson*, this Court recognized that "[t]he crux of Plaintiffs' allegations [was] that the

4    iPhone 6 and 6 Plus were built in accordance with Defendants' intended specifications, but that

5    Defendant chose materials for the iPhone 6 and 6 Plus that are insufficient to protect the iPhone's

6    internal components."   2017 WL 976048, at *11 (internal quotation marks and citation omitted).

7    Accordingly, this Court found that "because the factual allegations in Plaintiffs' SACC evince only a

8    design defect, rather than a defect in 'materials and workmanship,' Plaintiffs have not stated a claim

9    for breach of express warranty."  *Id*., at *12.

10        Here, as in *Davidson*, the gravamen of Plaintiff's Complaint is that all of the Watches at Issue

11   contain the same defect.   Am. Compl. ¶ 3 ("The Watches ***all contain the same defect and/or***

12   ***flaw* . . . .**") (emphasis added); *see also* ¶ 44 ("[T]he Defect described above is present in every series,

13   model, and size of the Watches").   Nowhere does the Plaintiff allege that his Apple Watch deviated

14   from Apple's intended specifications (*i.e.*, was manufactured using materials that did not meet Apple's

15   specifications or that particular Apple Watch units were assembled improperly).   Because Plaintiff at

16   best alleges an (inadequately identified) issue with design choices, and not a manufacturing defect,

17   Plaintiff's claim against Apple is plainly not within scope of the Limited Warranty and should be

18   dismissed.  *See Clark v. LG Elecs. U.S.A., Inc.*, No. 13-CV-485 JM (JMA), 2013 WL 5816410, at *8

19   (S.D. Cal. Oct. 29, 2013) (holding that plaintiff failed to allege a defect in materials and workmanship

20   where plaintiff alleged that other purchasers of the particular model of LG refrigerator experienced the

21   same problems); *see also Bros. v. Hewlett-Packard Co*., No. C-06-02254 RMW, 2007 WL 485979, at

22   *4 (N.D. Cal. Feb. 12, 2007) ("Unlike defects in materials or workmanship, a design defect is

23   manufactured *in accordance with* the product's intended specifications.") (emphasis in original).

24        **D.    Plaintiff has Not Stated a Claim for Breach of Implied Warranty (Count IV)**

25        As detailed below, Plaintiff's implied warranty claim (Count IV) should be dismissed because

26   Apple's disclaimer of implied warranties is enforceable and, in any event, Plaintiff did not assert an

27   implied warranty claim during the Warranty Period.

28        **1.    Apple Disclaimed All Implied Warranties and Limited the Duration of
           Any Implied Warranties Not Disclaimed to One Year**

MOTION TO DISMISS AMENDED COMPLAINT          19          CASE NO. 5:18-CV-3312-LHK

1    Plaintiff's implied warranty claim (Count IV) fails because Apple disclaimed all implied

2  warranties and/or limited the duration to one year from the date of purchase.  Under both California

3  and Colorado law, a seller may disclaim implied warranties.  Under California law, a seller may

4  disclaim the implied warranty of merchantability so long as the disclaimer "mentions[s]

5  merchantability" and is "conspicuous" and may disclaim the implied warranty of fitness as long as the

6  disclaimer is in writing and "conspicuous." *Minkler v. Apple, Inc*., 65 F. Supp. 3d 810, 819 (N.D. Cal.

7  2014) (citing Cal. Com. Code § 2316(2)).  Likewise, under Colorado law, "[l]imitations on the duration

8  of implied warranties in such a case are valid so long as they are prominently displayed on the face of

9  the warranty in clear and unmistakable language and are not unconscionable." *Bush v. Am. Motors*

10 *Sales Corp*., 575 F. Supp. 1581, 1583 (D. Colo. 1984) (holding that the "limitations of the express and

11 limited warranties given with the sale of the [product] are neither unreasonable nor

12 unconscionable . . . .").

13    Apple's Limited Warranty prominently and conspicuously states in clear language and

14 capitalized letters a disclaimer for any implied warranties, including the implied warranties of

15 "merchantability," "fitness for a particular purpose" and "warranties against hidden or latent defects."

16 *See* Am. Compl. ¶ 35, n.7.  Therefore, as other courts in this district have held in cases involving Apple

17 product warranties, Apple's disclaimer was sufficient to disclaim all implied warranties potentially

18 applicable to Plaintiff's Apple Watch.  *See Minkler*, 65 F. Supp. 3d at 819 ("Apple's Hardware

19 Warranty disclaimed all implied warranties in accordance with California law because it stated in clear

20 language and capitalized formatting that Apple 'disclaims all statutory and implied warranties,

21 including without limitation, warranties of merchantability and fitness for a particular purpose and

22 warranties against hidden or latent defects.'"); *see also O'Neil v. Int'l Harvester Co*., 40 Colo. App.

23 369, 575 P.2d 862 (1978) (finding that the implied warranty at issue was properly disclaimed because

24 the language in the contract was sufficient to inform the plaintiff that there was no implied warranty in

25 effect for the product); *Graham Hydraulic Power*, 797 P.2d at 835 (finding that the plaintiff had

26 independently and effectively disclaimed any implied warranty when it provided the defendant with a

27 copy of the manufacturer's disclaimer).

28    Moreover, the clear language of the Limited Warranty limits the duration of any implied

warranties not disclaimed to one year (*i.e.*, the same term provided for by Apple's express warranty). *See* Am. Compl. ¶ 35, n.7 ("In so far as such [implied] warranties cannot be disclaimed, Apple limits the duration and remedies of such warranties to the duration of this express warranty."). Thus, Plaintiff's claim for implied warranty of merchantability should be dismissed for the additional reason that the implied warranty period had expired. *See, e.g., In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1100 (S.D. Cal. 2010) ("The duration of the implied warranty of merchantability . . . shall be coextensive in duration with an express warranty . . . but in no event shall such implied warranty have a duration of . . . more than one year following the sale of new consumer goods to a retail buyer.") (quoting Cal. Civ. Code § 1791.1(c)); *Great N. Ins. Co. v. Toto U.S.A., Inc*., No. 15-CV-01120-RBJ, 2016 WL 4091177, at *1 (D. Colo. July 13, 2016) ("The warranty further provides that implied warranties of merchantability or fitness for use are limited to the duration of the express warranty. . . .  Modification of implied warranties is permitted under Colorado law.") (citing C.R.S. § 4-2-316).

Because Apple disclaimed all implied warranties and Plaintiff has not alleged that Apple failed to honor a warranty claim tendered during the Warranty Period, Plaintiff's implied warranty claim (Count IV) should be dismissed.

### 2. Plaintiff Has Not Alleged Sufficient Facts to Establish His Claim that Apple Breached the Implied Warranty of Merchantability

Even if this Court were to find that Apple had not disclaimed all implied warranties, which it clearly has, Plaintiff has still not alleged sufficient facts to give rise to breach of the implied warranty of merchantability.  A "breach of the implied warranty of merchantability means the product did not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc*., 114 Cal. App. 4th 402, 406 (2003); *Haffner v. Stryker Corp*., No. 14-CV-00186-RBJ, 2014 WL 4821107, at *6 (D. Colo. Sept. 29, 2014) ("Colorado further imposes an implied warranty of merchantability, effectively a guarantee that a product is fit for the ordinary purposes for which it is used.").  "A product which performs its ordinary function adequately does not breach the implied warranty of merchantability merely because it does not function as well as the buyer would like, or even as well as it could." *Marcus v. Apple Inc*., No. C 14-03824 WHA, 2015 WL 151489, at *9 (N.D. Cal. Jan. 8, 2015) (internal citation omitted).

1   Here, Plaintiff alleges that his Apple Watch began to malfunction more than a year after

2   purchase. Plaintiff, therefore, failed to allege that the Watch lacked a minimum level of quality

3   because, by his own admission, the Watch's screen performed adequately for him for more than a year

4   before it allegedly became cracked or detached from the Watch. *See Marcus*, 2015 WL 151489, at \*9

5   (holding that plaintiffs failed to plead a breach of the implied warranty of merchantability where both

6   plaintiffs were able to adequately use their computers for approximately 18 months and two years,

7   respectively, before they began to malfunction). Moreover, Plaintiff concedes that, for at least the

8   period of the Limited Warranty, the Watch served its intended purpose of telling time and allowing

9   Plaintiff to download apps, receive text messages, and track location. *See* Am. Compl. ¶¶ 29, 47-48.

### E.   Plaintiff's Magnuson-Moss Warranty Act Claim (Count V) Fails with His State Law Warranty Claims

11   Plaintiff's inability to assert an underlying breach of warranty claim under state law is fatal to

12   his Magnuson-Moss Warranty Act claim. The Magnuson-Moss Warranty Act provides a federal

13   private right of action for state law warranty claims under 18 U.S.C. § 2301(d)(1)), but does not expand

14   those state law rights. Thus, Plaintiff's claim under the Magnuson-Moss Warranty Act "stand[s] or

15   fall[s] with [their] express and implied warranty claims under state law." *Clemens v. DaimlerChrysler

16   Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *see also Janke v. Brooks*, No. 11-CV-00837-REB-BNB,

17   2012 WL 1229891, at \*2 n.3 (D. Colo. Apr. 11, 2012) (noting that the court's conclusion that "the state

18   law warranty claims cannot stand would be fatal to this federal [Magnuson–Moss Warranty Act]

19   claim"); *Daugherty*, 144 Cal. App. 4th at 833 (finding that the lower court correctly concluded that

20   "failure to state a warranty claim under state law necessarily constituted a failure to state a claim under

21   Magnuson-Moss").

22   Here, Plaintiff's Magnuson-Moss Warranty Act claim is derivative of his express and implied

23   warranty claims, which, as discussed *supra* Section IV (D-E), fail. Thus, his claim under the

24   Magnuson-Moss Warranty Act (Count V) should also fail. *See Clemens*, 534 F.3d at 1022

25   ("[D]isposition of the state law warranty claims determines the disposition of the Magnuson–Moss Act

26   claims.").

### F.   Plaintiff's Unjust Enrichment Claim (Count VI) Fails Under California and Colorado Law

1

### 1.  Unjust Enrichment is Not an Independent Cause of Action in California

2      Under California Law, unjust enrichment is not an independent cause of action.  *Jogani v.*

3  *Superior Court*, 165 Cal. App. 4th 901, 911 (2008).  "Rather, [unjust enrichment] is a general principle

4  underlying various doctrines and remedies, including quasi-contract."  *Id.* (internal citation omitted).

5  And, this Court has specifically held that where "Plaintiff's cause of action for unjust enrichment is

6  premised on the same alleged conduct that underlies Plaintiff's causes of action under the CLA [] and

7  the UCL" and those "underlying causes of action fail, a claim for unjust enrichment cannot stand alone

8  as an independent claim for relief."  *Punian*, 2015 WL 4967535, at *13 ("because the Court herein

9  finds that Plaintiff fails to allege a substantive claim for relief under the CLRA [] or the UCL, the Court

10  grants Defendants' motion to dismiss the unjust enrichment cause of action") (internal citation

11  omitted); *see also Sanders v. Apple Inc*., No. C 08–1713, 2009 WL 150950, at *9 (N.D. Cal. Jan. 21,

12  2009) (an "[unjust enrichment] claim will depend upon the viability of the Plaintiffs' other claims.").

13      Here, and as set forth *supra* Section IV (A-C), because Plaintiff has failed to allege facts that

14  would support relief under the UCL and CLRA, Plaintiff cannot plead any facts that would support

15  relief based on an unjust enrichment theory.  Accordingly, Plaintiff's dependent unjust enrichment

16  claims (Count VI) should be dismissed.

17      Furthermore, Plaintiff's unjust enrichment claim also fails for the separate reason that under

18  "[u]nder California law, unjust enrichment is an action in quasi-contract" and "[a]n action based on

19  quasi-contract cannot lie where a valid express contract covering the same subject matter exists

20  between the parties." *Zepeda v. PayPal, Inc*., 777 F. Supp. 2d 1215, 1223 (N.D. Cal. 2011) (internal

21  citations omitted).  Thus, "a plaintiff may recover for unjust enrichment only where there is no

22  contractual relationship between the parties." *Id.*  Here, as discussed above, a valid express warranty

23  exists between the Plaintiff and Apple, which covers the subject matter at issue. *See id.*  Therefore,

24  Plaintiff's unjust enrichment claims fails as a matter of California law.

25

### 2.  Equitable Relief is Not Available Under Colorado Law When There Is Adequate Legal Remedy

26

27      Plaintiff's unjust enrichment claim also fails under Colorado law because unjust enrichment is

28  an equitable remedy. *Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc*., 821 P.2d 788 (Colo. 1991).

And a plaintiff cannot recover on a claim sounding in equity where there is a "plain, speedy, adequate

1  remedy at law." *Szaloczi v. John R. Behrmann Revocable Tr.*, 90 P.3d 835, 842 (Colo. 2004) (citing

2  *Hoffman v. Colorado State Board of Assessment Appeals*, 683 P.2d 783 (Colo. 1984); *W. Ridge Grp.,*

3  *LLC v. First Tr. Co. of Onaga*, 414 F. App'x 112, 120 (10th Cir. 2011) (describing unjust enrichment

4  as "a remedy designed for circumstances in which other remedies are unavailable"). In *Interbank Invs.,*

5  *LLC v. Eagle River Water and Sanitation Dist.*, the Colorado Court of Appeals held that "[i]n general,

6  a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract

7  covers the same subject matter because the express contract precludes any implied-in-law contract."

8  77 P.3d 814, 816 (Colo. App. 2003).[10]  Moreover, unjust enrichment is "not available as a mere

9  alternative legal theory when the subject is covered by an express contract." *W. Ridge Grp., LLC v.*

10  *First Tr. Co. of Onaga*, 414 F. App'x at 120 (citing *Interbank Investments* at 819); *Zepeda*, 777 F.

11  Supp. 2d at 1223.

12       Here, Plaintiff concedes the existence of alternate potential remedies at law by alleging claims

13  for breach of express and implied warranty.  Moreover, Plaintiff does not contest the existence of an

14  express contract, *i.e.*, the Limited Warranty, which specifically disclaims "other legal theory".  *See*

15  Compl. ¶ 35, n.7.  Therefore, Plaintiff cannot plead an unjust enrichment claim in the alternative to his

16  breach of warranty claim.  And, notably, Plaintiff's failure to state a claim for breach of express

17  warranty, as discussed in Section III (D), *supra*, does not save the unjust enrichment claim.

18  Accordingly, Plaintiff's unjust enrichment claim should be dismissed.

19       **G.    Plaintiff Lacks Standing to Seek Injunctive Relief**

20       A party seeking injunctive relief from a federal court must allege not only that he has "suffered

21  or is threatened with a concrete and particularized legal harm," but also that there is "a sufficient

22  likelihood that he will again be wronged in a similar way.  *Bates v. United Parcel Serv., Inc.*, 511 F.3d

23  974, 985 (9th Cir. 2007) (citation and internal quotation marks omitted).  To plead sufficient facts to

24  establish standing, a plaintiff must allege that she "has suffered or is threatened with a concrete and

25  particularized legal harm, coupled with a sufficient likelihood that she will again be wronged in a

26

27  _____

[10] The court recognized two exceptions to this limitation:  first, "a party can recover on a quasi-contract
28  when the implied-in-law contract covers conduct outside the express contract or matters arising
subsequent to the express contract" and second, "a party can recover on a quasi-contract when the party
will have no right under an enforceable contract."  Neither exception is applicable here.

1  similar way." *Phillips v. Apple Inc.*, No. 15-CV-04879-LHK, 2016 WL 5846992, at *6 (N.D. Cal. Oct.

2  6, 2016) (Koh, J.), *aff'd*, 725 F. App'x 496 (9th Cir. 2018) (quoting *Bates v. United Parcel Serv., Inc.*,

3  511 F.3d at 985).  With respect to the latter requirement, courts in the Ninth Circuit have required a

4  showing of a "'*real* and *immediate* threat of repeated injury' in the future." *Chapman v. Pier 1 Imports*

5  *(U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (emphasis added).  The "threatened injury must

6  be certainly *impending* to constitute injury in fact" and mere "allegations of possible future injury are

7  not sufficient." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (emphasis in

8  original) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).  In a putative class action,

9  "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent

10  a class seeking that relief." *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

11         "In cases involving false or misleading product advertising, 'where a plaintiff has no intention

12  of purchasing the product in the future, a majority of district courts have held that the plaintiff has no

13  standing to seek prospective injunctive relief.'" *Davidson*, 2017 WL 976048, at *6.  In *Davidson*, this

14  Court found that the plaintiff's Second Amended Complaint contained "no allegations that any of the

15  named Plaintiffs intend to purchase an iPhone 6 or 6 Plus in the future" and therefore, held that the

16  plaintiffs' allegations fell short of establishing "[a] real and immediate threat of injury necessary to

17  make out a case or controversy."  2017 WL 976048, at *6 (alteration in original) (quoting *City of Los*

18  *Angeles v. Lyons*, 416 U.S. 95, 111 (1983)).  Here, Plaintiff has failed to allege that he intends to

19  purchase another Apple Watch in the future, or even that Apple is still selling the Series 2 Watches.[11]

20  Therefore, Plaintiff's allegations do not establish standing to seek injunctive relief and his demand for

21  injunctive relief should be dismissed.

22  **V.     CONCLUSION**

23         For the foregoing reasons, Apple respectfully requests that the Court dismiss Plaintiff's

24  Complaint in its entirety with prejudice pursuant to Rule 12(b)(1) and Rule 12(b)(6).

25

26

27  ───────────────
[11] The absence of an allegation that Plaintiff intends on buying another Apple Watch distinguishes this
28  case from *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967-971 (9th Cir. 2018) wherein the
plaintiff alleged that she intended to purchase the product at issue and therefore "faces a threat of
imminent or actual harm by not being able to rely on Kimberly–Clark's labels in the future."

Date:  September 28, 2018                  Respectfully submitted,

                                          WEIL, GOTSHAL & MANGES LLP

                                          By:     \s\ David R. Singh
                                                    David R. Singh

                                          Attorneys for Defendant APPLE INC.