UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KENNETH SCIACCA,
Plaintiff,

v.

APPLE, INC.,
Defendant.

Case No. 18-CV-03312-LHK

**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**

Re: Dkt. No. 35

Plaintiff Kenneth Sciacca brings suit individually and on behalf of various putative classes ("Plaintiff") against Defendant Apple, Inc. ("Apple"). Plaintiff asserts a multitude of claims relating to Apple Watches, which allegedly contain a defect that causes the Watches' screen to crack, shatter, or detach. Before the Court is Apple's motion to dismiss Plaintiff's amended complaint. ECF No. 35 ("Mot."). Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Apple's motion to dismiss the amended complaint.

## I. BACKGROUND

### A. Factual Background

Apple first began to sell its Watches in April 2015, when Apple introduced its First Generation of Watches. ECF No. 28 at ¶ 2 ("AC"). Since then, Apple has released the Series 1,

Series 2, and the Series 3 Watches. *Id.* Plaintiff complains that the Series 1, Series 2, and Series 3 Watches contain a defect because the Watch screens are cracking, shattering, or detaching from the Watch bodies. *Id.* at ¶¶ 5, 7. Plaintiff claims that "Apple has actively concealed and failed to disclose the Defect." *Id.* at ¶ 8.

Plaintiff, a Colorado resident, purchased his Series 2 Stainless Steel 38mm Apple Watch on or about December 1, 2016. *Id.* at ¶¶ 16, 47. He did so after reviewing Apple's promotional materials for Series 2 Watches, which advertised the Watch as a good compliment to sporting activities such as swimming, running, and biking. *Id.* at ¶ 46. However, on or about March 9, 2018, the screen on Plaintiff's Watch detached from the Watch body. *Id.* at ¶ 48. Plaintiff took his broken Watch to an Apple Store in Lone Tree, Colorado, where Apple Store employees informed Plaintiff that the damage was not covered by the limited warranty and that he had to pay $249 to repair the Watch. *Id.* Plaintiff declined to have his watch repaired, explaining that "[i]n the event that Plaintiff decides to have the repair done, he (as do other members of the Class) would still run the risk of future harm as the repaired Watch would also be prone to the same Defect described herein." *Id.* Plaintiff alleges that his experience "is identical to the experiences of thousands of Apple Watch owners." *Id.* at ¶ 50. Plaintiff cites consumer complaints posted on Apple's online forum to suggest that Apple had knowledge of the alleged defect. *Id.* at ¶ 50, 53 ("[C]onsumers' complaints at Apple Stores, to Apple Support, and online leave no doubt that Apple is fully aware of the Defect.").

Plaintiff notes that Apple provides a limited warranty for purchasers of the Watch, which covers the "product against manufacturing defects beginning on the original purchase date." *Id.* at ¶ 34. The warranty is one year for most models of the Watch, including the one that Plaintiff purchased. *Id.* Apple warrants the Watches "against defects in materials and workmanship when used normally in accordance with Apple's published guidelines." *Id.* at ¶ 35. The limited warranty also "disclaims all statutory and implied warranties, including without limitations, warranties of merchantability and fitness for a particular purpose . . . ." *Id.* n.7 (linking to "Apple One (1) Year Limited Warranty").

**B. Procedural History**

On June 4, 2018, Plaintiff filed the instant suit against Apple. ECF No. 1. In response, Apple filed a first motion to dismiss. ECF No. 21. Instead of responding to Apple's motion to dismiss, Plaintiff amended his complaint on August 31, 2018. ECF No. 28. The Court denied Apple's motion to dismiss as moot on September 5, 2018. ECF No. 32.

Apple filed the instant motion to dismiss on September 28, 2018. ECF No. 35. On October 19, 2018, Plaintiff filed his opposition. ECF No. 48 ("Opp."). On November 2, 2018, Apple filed its reply. ECF No. 49 ("Reply").

## II. LEGAL STANDARD

**A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.

1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Motion to Dismiss Under Federal Rule of Civil Procedure 9(b)**

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). The plaintiff must also plead facts explaining why the statement was false when it was made. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F. Supp. 1297 (C.D. Cal. 1996).

"When an entire complaint … is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint … ." *Vess*, 317 F.3d at 1107. The Ninth Circuit has recognized that "it is established law in this and other circuits that such dismissals are appropriate," even though "there is no explicit basis in the text of the federal rules for the dismissal of a complaint for failure to satisfy 9(b)." *Id.* A motion to



United States District Court
Northern District of California

dismiss a complaint "under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.*

**C. Motion to Dismiss under Rule 12(b)(1)**

A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. While lack of statutory standing requires dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The Court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "[I]n a factual attack," on the other hand, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction," the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* The Court "need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id.* Once the defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the Court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

**D. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule

15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Plaintiff alleges 6 causes of action: unlawful business acts and practices ("UCL") in violation of Cal. Bus. & Prof. Code § § 17200, *et seq.* (count 1); violations of the Consumers Legal Remedies Act ("CLRA") in violation of Cal. Civ. Code §§ 1750, *et seq.* (count 2); breach of express warranty (count 3); breach of the implied warranty of merchantability (count 4); breach of the Magnuson-Moss Warranty Act (count 5); and unjust enrichment (count 6). First, the Court addresses the choice of law issue for Plaintiff's common law claims. Then, the Court addresses Apple's motion to dismiss each count in turn. Lastly, the Court addresses Apple's Rule 12(b)(1) challenge to Plaintiff's standing to seek injunctive relief.

### A. Choice of Law

Counts 1 (UCL), 2 (CLRA), and 5 (Magnuson-Moss Warranty Act) arise under statutory law, so there is no governing law issue with respect to those claims. However, count 3 (breach of express warranty) and count 4 (breach of the implied warranty of merchantability) are common law claims, and Plaintiff's amended complaint does not specify whether these claims are brought under California or Colorado law. Because the number and scope of the claims in the instant case are limited, and the issues regarding counts 3 and 4 are straightforward, the Court will analyze both claims under California and Colorado law. Because count 6 (unjust enrichment) is asserted only under Colorado law, Opp. at 22, the Court will analyze count 6 solely under Colorado law.



United States District Court
Northern District of California

The Court next addresses Apple's motion to dismiss each count in turn.

**B. Counts 1 and 2—Violation of the UCL and Violation of the CLRA**

First, the Court determines whether the UCL and CLRA claims are subject to the Federal Rule of Civil Procedure 9(b) heightened pleading standard. Then, the Court addresses whether Plaintiff has sufficiently identified the alleged defect to meet Rule 9(b)'s requirements. Third, the Court discusses whether Plaintiff has alleged an actionable misrepresentation. Fourth, the Court discusses whether Plaintiff's omission-based claims fail because Plaintiff has not sufficiently alleged Apple's knowledge of the defect.

**1. Whether Rule 9(b) Applies**

To state a UCL claim, "a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue, or misleading advertising." *Lippitt v. Raymond James Fin. Servs. Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003). "Because the UCL is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent." *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1243 (N.D. Cal. 2017) (internal quotation marks omitted).

To state a claim under the CLRA, a plaintiff must show that: "(1) a consumer is exposed to an unlawful business practice, and (2) the consumer is damaged by the unlawful practice. Additionally, a CLRA claim based on fraud requires reliance." *Richter v. CC-Palo Alto, Inc.*, 176 F. Supp. 877, 899 (N.D. Cal. 2016) (internal citation omitted).

Federal Rule of Civil Procedure 9(b) applies a heightened pleading standard to claims sounding in fraud. Fed. R. Civ. P. 9(b). To meet the heightened pleading standard, allegations must be particular enough to allege the "who, what, when, where, and how" of the fraud. *Vess*, 317 F.3d at 1106. Courts have held that "Rule 9(b)'s heightened pleading standard applies to claims for violations of the CLRA and UCL." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Accordingly, Apple asserts, and Plaintiff does not dispute, that Plaintiff's UCL and CLRA claims, which sound in fraud, are subject to Rule 9(b)'s heightened pleading standard. Mot. at 7; Opp. at 4. Specifically, Plaintiff's UCL and CLRA claims allege that Apple "knowingly

and intentionally concealed material facts" by "failing to disclose the Defect present in the Watches and by failing to disclose the repair or replacement costs." AC at ¶¶ 71, 89. Thus, Plaintiff's UCL and CLRA claims are grounded in Apple's allegedly fraudulent conduct in concealing material facts regarding the alleged defect, and Rule 9(b)'s heightened pleading standard applies.

**2. Whether Plaintiff Provides a Sufficient Identification of the Alleged Defect**

Apple argues that Plaintiff has failed to identify the alleged defect with particularity. Mot. at 9. Plaintiff responds by arguing that the sufficiency of the identification of a defect arises in the context of a materiality analysis (i.e., whether the alleged defect is a material fact Apple had to disclose). Opp. at 6. Plaintiff claims that he has "adequately alleged the Defect as a fact material to a reasonable consumer." *Id.* at 7. The Court finds that Apple has the better argument.

"Allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged . . . ." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Claims sounding in fraud must allege "an account of the time, place, and *specific content* of the false representations . . . ." *Swartz*, 476 F.3d at 764 (emphasis added). Courts have dismissed causes of action sounding in fraud when the alleged defect is not well-defined. *See, e.g.*, *Hauck v. Advanced Micro Devices, Inc.*, 2018 WL 5729234, at *5 (N.D. Cal. Oct. 29, 2018) ("Given Plaintiffs' vague and inconsistent definitions of [the] Defect, AMD can hardly be expected to know exactly what the contents of its alleged misrepresentations are."); *Punian v. Gillette Co.*, 2016 WL 1029607, at *11 (N.D. Cal. Mar. 15, 2016) ("Plaintiff cites no case—and the Court is aware of none—where a court has found that such an unspecified potential to fail suffices to allege a material product defect.").

Here, Plaintiff alleges that "the screens of [purchasers'] Watches were detaching, cracking, or shattering," AC at ¶ 43, and that the defect is allegedly present in all series, models, and sizes of the Watches, *id.* at ¶ 44. Aside from this description of the consequences of the alleged defect, Plaintiff fails to identify *what* is the actual defect; namely, what is the defect that causes the screens to allegedly detach, crack, or shatter. Rather, Plaintiff merely asserts that "[t]he Watches

all contain the same defect and/or flaw, which causes the screens on the Watches to crack, shatter, or detach from the body of the Watch . . . ." *Id.* at ¶ 3. As Apple points out, all the amended complaint discloses is that the alleged defect "could have been the result of various possible causes, including consumer misuse." Mot. at 10. Even Plaintiff does not allege what caused his own Watch's screen to detach. AC at ¶ 48. These allegations of an alleged defect do not satisfy Rule 9(b)'s heightened pleading standard.

For instance, in *Punian*, the plaintiff alleged that the defendant's batteries had the "potential to fail, leak, and/or damage Plaintiff's electronics." 2016 WL 1029607, at *2. However, the court found that the *Punian* plaintiff "does not allege that the leakage is the result of any systematic design, technical, manufacturing, or other flaw present in all Duralock Batteries. In fact, Plaintiff does not allege any cause for Duralock Batteries' potential to leak." *Id.* at *13. The *Punian* court concluded that the "Plaintiff has not identified any cause for Duralock Batteries' potential to leak within ten years, or alleged the existence of a design or manufacturing defect in Duralock Batteries," and dismissed the claim. *Id.* at *14-15.

Here, Plaintiff's allegations are similarly vague. Plaintiff's description of the alleged defect identifies only the consequences of the alleged defect (i.e., cracking, shattering, or detaching), but is notably silent on identifying the defect that causes such consequences. Moreover, like in *Punian*, Plaintiff in the instant case does not allege that the cracking, shattering, or detaching is a consequence of "any systematic design, technical, manufacturing, or other flaw present." *Id.*. Plaintiff fails to give Apple notice of the alleged defect and of Apple's false representations about the alleged defect.

Plaintiff relies upon *Punian* to argue that his description of the defect is sufficient because the alleged defect is a material fact that Apple had a duty to disclose. Plaintiff argues that because he alleges that Apple's Watches "all contain the same defect and/or flaw," this is sufficient to support the materiality of the defect. Opp. at 7 (citing AC at ¶ 3). Plaintiff's argument misses the mark. The sufficiency of the identification of the alleged defect—not the materiality of the alleged defect—is at issue. Plaintiff's pleading cannot meet Rule 9(b)'s heightened pleading standard

simply by alleging that *all* Watches contain a material defect without identifying the defect. Under Ninth Circuit law, Plaintiff must specify what causes the Apple Watch screens to detach, crack, or shatter. *See, e.g.*, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1144 (9th Cir. 2012) ("As Plaintiffs do not plead any facts indicating how the alleged design defect, *i.e.*, the loss of the connection between the power jack and the motherboard, causes the Laptops to burst into flames, the District Court did not err in finding that Plaintiffs failed to plausibly allege the existence of an unreasonable safety defect.").

Additionally, Plaintiff cites to case law arguing that descriptions of a defect were sufficient to support the materiality of a defect on a motion to dismiss. *See, e.g.*, *Philips v. Ford Motor Co.*, 2015 WL 4111448, at *1, *10 (N.D. Cal. July 7, 2015); *Elias v. Hewlett-Packard Co.*, 2014 WL 493034, at *4 (N.D. Cal. Feb. 5, 2014); *In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1163 (C.D. Cal. 2011); *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007). These cases are inapposite. None of these cases discusses whether the identification of an alleged defect satisfies Rule 9(b)'s heightened pleading standard.

Therefore, the Court finds that Plaintiff's UCL and CLRA claims fail because Plaintiff has not sufficiently identified the alleged defect.

**3. Whether Plaintiff Pleads an Actionable Misrepresentation**

Even if Plaintiff had sufficiently identified the alleged defect, Plaintiff's claims still fail because Plaintiff fails to plead an actionable misrepresentation or omission. Below, the Court first discusses why Plaintiff has not pleaded an actionable misrepresentation, then discusses why Apple did not have knowledge of the alleged defect such that Plaintiff has adequately pleaded an actionable omission.

Plaintiff alleges that prior to purchase, he reviewed Apple's promotional materials on Apple's website. AC at ¶ 46. The advertisements stated that the watch had a GPS, was water-resistant to 50 meters, had a dual-core processor and "a 2x brighter display." *Id.*

Apple argues that Plaintiff fails to allege an actionable misrepresentation because he fails to state how the advertisements constitute false misrepresentations. Plaintiff argues that regardless

of whether the statements are false, the representations were misleading because Apple had a duty to qualify its statements with facts material to the statements. The Court finds Apple's arguments more persuasive.

As aforementioned, claims sounding in fraud must allege "an account of the time, place, and *specific content* of the false representations . . . ." *Swartz*, 476 F.3d at 764. "A plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as recognized in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011).

Plaintiff merely pleads that he reviewed the promotional materials on Apple's website. AC at ¶ 46. However, he fails to plead "what is false or misleading about a statement, and why it is false." *GlenFed*, 42 F.3d at 1548. Courts have dismissed misrepresentation claims when a plaintiff fails to plead how an alleged misrepresentation is false or misleading. For instance, in *Palmer v. Apple Inc.*, the plaintiff pleaded that he relied on "quantitative statements regarding the iPhone 5's performance or its compatibility with Wi-Fi and cellular networks." 2016 WL 1535087, at *5 (N.D. Cal. Apr. 15, 2016). However, the *Palmer* plaintiff did not allege how such quantitative statements regarding the iPhone's performance were false, so the court dismissed the claims. *Id.*

In response, Plaintiff cites to *GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*, which held that "a defendant may not suppress or conceal any facts within his knowledge which materially qualify those stated." 2016 WL 6562064, at *13 (C.D. Cal. Apr. 21, 2016) (internal quotation marks omitted). Plaintiff argues that because "Apple informed Plaintiff that the Watches were objectively durable . . . Apple also has a duty to inform purchasers that the Watch may otherwise break as a result of the Defect" or else its representations about the Watch are misleading. Opp. at 6. However, nowhere in Plaintiff's amended complaint does he allege that Apple represented the Watches to be "objectively durable." The only representations made by Apple pertained to, for instance, the waterproof nature of the Watch or the fact that it had a bright display.

Moreover, *GeoData* is distinguishable from the instant case because in *GeoData*, the

plaintiff alleged that the defendants' description of a patent as "our patent" was a fraudulent statement because it omitted the fact that only one of the defendants actually owned the patent. 2016 WL 6562064, at *12. Thus, the alleged fraudulent misrepresentation (i.e., "our patent") in *GeoData* related directly to the omitted information (i.e., the fact that the patent was only owned by one defendant). In the instant case, none of the alleged misrepresentations about the waterproof nature of the Watch, the brightness of its screen, the dual-core processor, and so on relate to the "omitted" information: that the Watch screen may detach, crack, or shatter because of the alleged defect. In fact, none of the alleged misrepresentations have anything to do with the Watch screen itself. Therefore, no representation needs to be qualified.

Thus, Plaintiff has not stated an actionable misrepresentation.

**4. Whether Plaintiff's Omission-Based Claims Fail for Failure to Sufficiently Allege Apple's Knowledge of the Defect**

Next, the Court discusses whether Plaintiff's omission-based claims fail because Plaintiff has not sufficiently alleged Apple's knowledge of the defect. "For an omission to be actionable under the CLRA and UCL, the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1134 (N.D. Cal. 2013). "[T]he failure to disclose a fact that a manufacturer does not have a duty to disclose, *i.e.*, a defect of which it is not aware, does not constitute an unfair or fraudulent practice." *Wilson*, 668 F.3d at 1145 n.5. The pleading standard of Rule 8 applies to Apple's knowledge of a defect. *See, e.g.*, Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138, 1144 (N.D. Cal. 2010), *vacated in part on other grounds*, 771 F. Supp. 2d 1156 (N.D. Cal. 2011) (applying pleading standard of Rule 9(b) to UCL and CLRA claims based on misrepresentations and non-disclosures, but applying Rule 8 to allegations regarding defendant's knowledge of a defect).

Plaintiff alleges that "customers' complaints at Apple Stores, to Apple Support, and online leave no doubt that Apple is fully aware of the Defect." *Id.* at ¶ 53. Plaintiff also alleges that "[i]n

April 2017, Apple extended its Limited Warranty for its First Generation Watches to address the issue. Thus, prior to bringing the Series 1, 2 and 3 Watches to market, Apple was keenly aware of the problem with the Watches." *Id.* at ¶ 40. The Court addresses each allegation in turn.

First, Plaintiff's amended complaint does not identify any customer complaints at Apple Stores or to Apple Support. Second, the only online customer complaints are customer posts on Apple's website, and none of these complaints identify the alleged defect that caused any Apple Watch screen to detach, crack, or shatter. Furthermore, most of the online customer complaints, including all 5 online customer complaints before Plaintiff bought his Watch, fail to identify the model of the affected Apple Watch (i.e., Series 1, 2, or 3).

Third, Plaintiff alleges that "prior to bringing the Series 1, 2 and 3 Watches to market, Apple was keenly aware of the problem with the Watches" because Apple extended the limited warranty on its First Generation Watches to address the defect. AC at ¶ 40. However, Plaintiff's allegation does not show Apple's knowledge of the defect in the Series 1, 2, and 3 Watches because the First Generation Watches are distinct from and preceded the Series 1, 2, and 3 Watches. Plaintiff fails to explain how Apple's alleged knowledge of the alleged defect in the First Generation Watches relates to knowledge of the alleged defect in the Series 1, 2, and 3 Watches. Most importantly, Plaintiff actually excluded the First Generation Watches from the Watch models alleged to suffer from the alleged defect. AC at ¶¶ 1, 3. Thus, Plaintiff's allegation does not show Apple's knowledge of the alleged defect.

Thus, the Court GRANTS Apple's motion to dismiss the UCL and CLRA claims. Because granting Plaintiff an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Apple, and Plaintiff has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

**C. Count 3—Breach of Express Warranty**

The Court next discusses Plaintiff's breach of express warranty claim. "A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Cipollone v. Liggett Grp.*, 505 U.S. 504, 525 (1992). Under California law, "[t]he

general rule is that an express warranty has no affect after the applicable time period has elapsed." *Davidson v. Apple, Inc.*, 2017 WL 976048, at *12 (N.D. Cal. Mar. 14, 2017). Likewise, under Colorado law, the length of an express warranty is governed by the express terms of the warranty. *Regents of Univ. of Colo. ex rel. Univ. of Colo. at Boulder v. Harbert Constr. Co.*, 51 P.3d 1037, 1041 (Colo. App. 2001) ("Construed together, the warranty provisions created a twelve-month period . . . during which all warranty claims had to accrue to be actionable.").

For the Watch model Plaintiff purchased, Apple's limited warranty lasted a period of one year from the date of purchase. AC at ¶ 35 n.7. Per Plaintiff's opposition brief, "Plaintiff concedes he does not fall within the one-year warranty period set forth in Apple's Limited Warranty." Opp. at 20. Thus, Plaintiff's breach of express warranty claim fails because Plaintiff does not fall within the express warranty period. Therefore, the Court GRANTS Apple's motion to dismiss the breach of express warranty claim. Plaintiff claims that he can amend the amended complaint to include plaintiffs whose Watches manifested the alleged defect during the warranty period. Opp. at 19 n.10. However, prior to amending his complaint, Apple's motion to dismiss the original complaint put Plaintiff on notice of Apple's contention that Plaintiff's claim fails because Plaintiff "brought his claim after the expiration of the Limited Warranty." ECF No. 21 at 14. Plaintiff still failed to cure the deficiency in his amended complaint despite this notice. Thus, Plaintiff's claim is dismissed with prejudice because granting Plaintiff an additional opportunity to amend his complaint would be futile and unduly prejudicial because Plaintiff already had notice of this deficiency and failed to cure it. *See Leadsinger, Inc.*, 512 F.3d at 532. Next, the Court analyzes Plaintiff's breach of implied warranty claim.

**D. Count 4—Breach of Implied Warranty of Merchantability**

Apple argues that Plaintiff's breach of implied warranty claim fails because Apple has disclaimed all implied warranties. Mot. at 20. Plaintiff's opposition contains no response to Apple's argument.

The Court need not delve into the distinctions between Colorado and California substantive law on the breach of implied warranty claim because Plaintiff has procedurally

defaulted on this claim. "[F]ederal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). The United States District Court for the Northern District of California has held that "[a] district court may find a cause of action waived where a plaintiff fails to defend the cause of action in opposition to a motion to dismiss." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1100 (N.D. Cal. 2017) (citing *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009), *aff'd*, 646 F.3d 1240 (9th Cir. 2011)). The *Hadley* court dismissed such waived claims with prejudice. *Id.*

Likewise, the United States District Court for the District of Colorado has also dismissed a claim with prejudice if a plaintiff fails to respond to arguments regarding that claim raised in a defendant's motion to dismiss. *See, e.g.*, *Shepard v. Rangel*, 2014 WL 7366662, at *6, *23 (D. Colo. Dec. 24, 2014) ("Thus, by failing to counter Defendant Rangel's arguments in the BOP's Motion [to dismiss], Plaintiff concedes that his second claim should be dismissed for the reasons demonstrated in the BOP's motion."); *Lewis v. JP Morgan Chase Bank, Nat'l Assoc.*, 2014 WL 1217948, at *6 (D. Colo. Mar. 24, 2014) ("Because Mr. Lewis failed to respond to Chase's statute of limitations defense, the Court finds that Mr. Lewis has waived argument on this issue . . . and the Court will dismiss the claim with prejudice.").

Therefore, because Plaintiff has failed to respond to Apple's arguments, the Court GRANTS Apple's motion to dismiss the breach of the implied warranty of merchantability claim with prejudice because Plaintiff has waived the issue. Next, the Court analyzes Plaintiff's claim under the Magnuson-Moss Warranty Act.

**E. Count 5—Magnuson-Moss Warranty Act**

The Magnuson-Moss Warranty Act "provides a federal cause of action for state warranty claims." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1143 (N.D. Cal. 2010). Thus, claims under the Magnuson-Moss Act "stand or fall with . . . express and implied warranty claims under state law." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). Here, the express and implied warranty claims have been dismissed with prejudice. Therefore, Plaintiff's claim under the Magnuson-Moss Warranty Act also fails, and the Court GRANTS Apple's motion to dismiss the

Magnuson-Moss Warranty Act claim. Because granting Plaintiffs an additional opportunity to amend the complaint would be futile as the warranty claims have been dismissed with prejudice, the Court denies leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532. Next, the Court analyzes Plaintiff's unjust enrichment claim.

**F. Count 6—Unjust Enrichment**

As discussed above, Plaintiff asserts this claim only under Colorado law. Under Colorado law, "a party claiming unjust enrichment must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation." *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008). Nevertheless, there is a limitation to an unjust enrichment claim: "a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract." *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003).

Here, there is an express contract: Apple's limited warranty. Moreover, this express contract limits what types of legal theories under which a plaintiff may recover. AC at ¶ 35 n.7 ("EXCEPT AS PROVIDED IN THIS WARRANTY AND TO THE MAXIMUM EXTENT PERMITTED BY LAW, APPLE IS NOT RESPONSIBLE FOR DIRECT, SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES RESULTING FROM ANY BREACH OF WARRANTY OR CONDITION, *OR UNDER ANY OTHER LEGAL THEORY* . . . ." (emphasis added)). The Colorado Supreme Court has held that "courts will refuse quantum meruit recovery when expressly contrary to the provisions of the written contract between the two parties." *Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441, 445 (Colo. 2000). Quantum meruit is merely another name for unjust enrichment. *Id.* at 444 ("[T]he doctrine of quantum meruit, [is] also termed quasi-contract or unjust enrichment . . . ."). Thus, because the Apple limited warranty expressly prohibits direct, special, incidental, or consequential damages under "any other legal theory," such as unjust enrichment, Apple's motion to dismiss Plaintiff's unjust enrichment claim

is GRANTED. Granting Plaintiff a second opportunity to amend the complaint would be futile because the limited warranty expressly prohibits advancing unjust enrichment as an alternate theory of recovery. Thus, the Court denies leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

**G. Plaintiff's Standing to Seek Injunctive Relief**

Next, the Court discusses Plaintiff's standing to seek injunctive relief under Rule 12(b)(1). To establish standing for prospective injunctive relief, a plaintiff must demonstrate that "he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (internal citation and quotation marks omitted). A plaintiff must establish a "real and immediate threat of repeated injury." *Id.*; *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) ("[T]o establish standing to pursue injunctive relief . . . [a plaintiff] must demonstrate a real and immediate threat of repeated injury in the future.").

Plaintiff alleges that "[i]n the event that Plaintiff decides to have the repair done, he (as do other members of the Class) would still run the risk of future harm as the repaired Watch also would be prone to the same Defect described herein." AC at ¶ 48. However, the Ninth Circuit has held that "for injunctive relief, which is a prospective remedy, the threat of injury must be actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (internal quotation marks omitted). "In other words, the threatened injury must be *certainly impending* to constitute injury in fact and allegations of *possible* future injury are not sufficient." *Id.* (internal quotation marks omitted) (emphasis in original). Here, Plaintiff's allegation that he *may* have the watch repaired, which might result in the alleged defect manifesting again, is far from a future injury that is "certainly impending." Rather, Plaintiff only alleges possible future injury. The possibility that Plaintiff might be injured in the future by the alleged defect if he *potentially* repairs his watch is an insufficient allegation of future harm.

Plaintiff cites *Davidson v. Kimberly-Clark Corp.* in support of the notion that Plaintiff faces an imminent threat of future harm. Plaintiff argues that in *Davidson*, the defendant's false

advertising presented a threat of future harm because the plaintiff alleged that she wished to purchase Kimberly-Clark's products, but could not rely on Kimberly-Clark's representations. *Id.* at 971. However, *Davidson* is distinguishable from the instant case. In *Davidson*, there were allegations that the plaintiff was going to purchase the product again had it not been for the defendant's purported false advertising. *Id.* Here, there are no such allegations. Plaintiff merely *theorizes* that he *might* repair the Watch in the future, which *may* give rise to the alleged defect.

Therefore, Plaintiff's prayer for injunctive relief is DISMISSED for lack of standing. Because granting Plaintiffs an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Apple, and Plaintiffs have not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES without prejudice Plaintiff's UCL and CLRA claims. The Court DISMISSES with prejudice Plaintiff's breach of express warranty, breach of implied warranty of merchantability, Magnuson-Moss Warranty Act, and unjust enrichment claims. Moreover, the Court DISMISSES without prejudice Plaintiff's prayer for injunctive relief.

If Plaintiff elects to file an amended complaint, Plaintiff must do so within 30 days of this Order. If Plaintiff fails to file an amended complaint within 30 days or fails to cure the deficiencies identified in this order, the deficient claims or prayer for relief will be dismissed with prejudice. Plaintiff may not add new causes of action or new parties without stipulation or leave of the Court.

**IT IS SO ORDERED.**

Dated: January 25, 2019

Lucy H. Koh
LUCY H. KOH
United States District Judge